### 10108

### DEER ISLAND LUMBER CO. v. VIRGINIA-CAROLINA CHEMICAL CO.

### VIRGINIA-CAROLINA CHEMICAL CO. v. WILKINS.

(97 S. E. 833.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—FUND IN HANDS OF CORPORATION.—In supplementary proceedings in search of assets to pay judgment, judgment creditor may, in view of Code Civ. Proc., secs. 352, 356, arrest fund in hands of third party, alleged to belong to judgment debtor and proven *prima facie* to so belong, and hold fund until issue of ownership shall be decided; it being immaterial that third party is a corporation.

2. EXECUTION—SUPPLEMENTARY PROCEEDINGS—POSSESSION OF RECEIVER.—In supplementary proceedings in search of assets to pay judgment, if fund arrested was in truth the property of judgment debtor, all of it ought to go to his receiver.

3. EXECUTION — SUPPLEMENTARY PROCEEDINGS — APPOINTMENT OF RECEIVER.—In supplementary proceedings in search of assets to pay judgment, Code Civ. Proc. 1912, sec. 356, is warrant of Judge for appointment of receiver, and Judge is governed in his procedure by sections 351-360, and not by section 303.

4. EXECUTION — SUPPLEMENTARY PROCEEDINGS — ARRESTING FUNDS IN HANDS OF THIRD PARTY.—In supplementary proceedings in search of assets to pay judgment, *held* that judgment creditor was proceeding against money which United States Government paid for lumber, and not against the lumber, or a credit for the lumber, so as to interfere with operations of Federal government.

Before TOWNSEND, J., at chambers, Columbia, S. C., August 23, 1918.    Affirmed.

Supplementary proceedings by the Virginia-Carolina Chemical Company in search of assets to pay a judgment recovered by it in a suit against Van Dorn S. Wilkins. From an order appointing a receiver for Wilkins, and allowing the Deer Island Lumber Company to intervene, the lumber company appeals.

*Messrs. DePass & DePass,* for petitioner-appellant, submit: *Can funds of a corporation standing in the name of and to the credit of said corporation be enjoined and taken in a proceedings to which that corporation is not a party upon the alleged claim in said proceedings that the funds are, in fact, the funds of an individual, the defendant in said proceedings trading as the Deer Island Lumber Company, the admitted name of said corporation?    A mere statement of the proposition is sufficient to show that it must be answered in the negative.    A corporation is a separate identity from the individuals owning the stock of said corporation, as the officers of same:* 20 S. C. 156; 4 Wheat. 518; 4 L. Ed. 629; 72 Fed. 603; 70 Fed. 1017; 10 Cyc. 151, and note; 1 Strob. Eq. 209; 4 Wheat. 518; 10 Cyc. 244; 10 Cyc. 251 (note 92); 10 Cyc. 256 (note 27).    *The Circuit Judge did not observe section 303 of the Code of Civil Procedure in the appointment of a receiver:* Code of Civil Procedure, sec. 303, subds. 9, 8 and 6.    *The credits or funds in the hands of Harry F. Hand were not subject to the jurisdiction of the State Courts or even the Federal Courts:* 125 U. S. 181-190; 13 U. S. 104; 177 U. S. 28; 226 U. S. 404; 32 Fed. Rep. 9-14.

*Messrs. Barron, McKay, Frierson & Moffatt,* for the Virginia-Carolina Chemical Company, plaintiff-respondent, submit: *The question before Judge Townsend was as to the ownership of the funds in the hands of the bank and of Harry Hand, and not whether Deer Island Lumber Company is a corporation or not:* 216 Ill. 629; 1 L. R. A. (N. S.) 176, and note thereto; Thompson on Corporations (2d Ed.), sec. 5470; Cook on Corporations (6th Ed.), p. 1972; 13 Peters 519; Cook on Corporations (6th Ed.), sec. 588, sec. 589, page 1610; 46 Minn. 454; Revised Code of Delaware (1915), sections 1915, *et seq.,* and particularly sections 1924, 1943, 1944 and 1946. *The Judge did not commit error in appointing a receiver of the assets of the judgment debtor:* 21 S. C. 334-338; 79 Hun. (N. Y.) 382; 94 N. Y. 45; 10 Hun. (N. Y.) 453; 33 Barb. (N. Y.) 327; 100 Am. Decisions 513 (note); 10 R. C. L., p. 1382; 10 Hun. (N. Y.) 453; 33 Barb. (N. Y.) 327-331; 74 N. Y. 456-460-461; 17 S. C. 116. *This appeal does not concern the merits and the respondent will suffer irreparable damages if the injunctions are not continued while the merits are enquired into:* 105 S. C. 291.

January 8, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The parties litigant have been here hitherto.  105 S. C. 291, 89 S. E. 659.  The whole issue is one of procedure.

The Virginia-Carolina Chemical Company, hereinafter referred to as the Virginia Company, got a judgment in May, 1917, against Van Dorn S. Wilkins for $2,124, and the same has never been paid.  The Virginia Company thereafter set in motion the procedure by supplementary proceedings in search of assets to pay the judgment, and to that end, amongst other persons, the cashier of the Lower Main

Street Bank of Columbia was examined about a deposit in his bank standing in the name of the Deer Island Lumber Company.

The Circuit Judge thereafter made an order and temporarily enjoined the bank from paying out to anybody the deposit discovered to be in the bank. The Deer Island Lumber Company then moved the Circuit Judge by petition—"that it be allowed to intervene in the supplementary proceedings pending in the above entitled case of *Virginia-Carolina Chemical Company v. Van Dorn S. Wilkins,* for the purpose of moving to dissolve the injunction in so far as same either directly or indirectly interferes with and restrains the payment to your petitioner of the funds in the hands of Harry F. Hand, the Lower Main Street Bank, and S. C. Rhame, as cashier of the Lower Main Street Bank, or otherwise interferes with the business of the Deer Island Lumber Company."

The petitioner alleges that the deposit belongs solely to the Deer Island Lumber Company, and not to Wilkins. The Circuit Judge made an order for the Virginia Company to show cause why the temporary injunction theretofore granted by him should not be vacated. The Virginia Company then made return to that order, and showed cause why the order of injunction should be continued and should not be vacated.

Upon the record thus constituted the Circuit Judge made an order, and thereby (1) appointed a receiver for Wilkins, and (2) allowed the Deer Island Company to intervene and set up its rights to the deposit until the issu eof its ownership could be adjudged. The appeal is from that order.

The eight exceptions have been grouped by the appellants' argument into three heads, to wit:

First. "Can funds of a corporation, standing in the name of and to the credit of said corporation, be enjoined and taken in proceedings to which that corporation is not. a party, upon the alleged claim in said proceedings that the

funds are, in fact, the funds of an individual; the defendant in said proceedings trading as the Deer Island Lumber Com- pany, the admitted name of said corporation?"

Second. The Circuit Judge did not observe section 303 of the Code of Civil Procedure in the appointment of a receiver.

Third. The order was an interference with the opera- tions of the Federal government, in that the deposit was the proceeds of lumber sold by the Deer Island Company to the government for use at Camp Jackson, and "the moment the said lumber was delivered to the railroad, consigned as above, it became the property of the United States government, and the shipper's only redress was to collect from the government the agreed purchase price, to which extent the government was its debtor."

The first proposition of the appellant assumes to be true the very matter at issue, and that is the ownership of the deposit.   It is true the issue of ownership may not be finally determined, except the Deer Island Lumber Com- pany shall be heard.  But a judgment creditor may by the plain words of the statute arrest a fund in the hands of a third party, and alleged by such creditor to belong in truth to the judgment debtor, and proven *prima facie* to so belong, and hold the funds until the issue of ownership shall be decided.   Sections 352 and 356, Code of Procedure.

It is an immaterial circumstance that the third party is a corporation.   It will not be denied that, if the fund in truth does belong to Wilkins, it ought not to be paid out to another person.

Corollary to that postulate is another, that if the fund appears on proof to be probably the property of Wilkins, then it ought to be held intact until the probable shall be ascertained to be the real.   An examination of the whole record satisfies us that the Circuit Judge was right to con- clude that the deposit ought to be arrested until by orderly

proceedings the owner of it may be identified.   Since that issue must be tried, we shall not suggest the probabilities of the case, but shall content ourselves merely with the statement of our conclusion.

It was suggested at the bar that the fund arrested was out of proportion to the judgment debt; but, if the fund is in truth the property of Wilkins, all of it ought to go to his receiver.

The second contention of the appellant is that the Court did not observe the procedure with reference to notice, bond, etc., which is prescribed by section 303 of the Code of Civil Procedure.   But the judgment creditor was proceeding, not in the procurement of a judgment; he was proceeding in the execution of a judgment.

Title VII, part 2, of the Code of Procedure, prescribes five remedies towards prosecution of a civil action in the procurement of a judgment, one of which is that of receiver. By chapter V of that title a Court is limited to a fixed procedure in the appointment of a receiver, and for the reason that the rights of the parties to the action have not then been finally determined by judgment.

Title IX, part 2, deals with the execution of the judgment, and it prescribes two remedies to that end, the second of which is by proceedings supplementary to the execution. Section 356 of that title is the warrant of a Judge to appoint a receiver, to secure the fruits of a judgment under circumstances of the instant case, and the Judge is governed in his procedure by sections 351-360, and not by section 303.   By section 357 the receiver is empowered to recover the fund in issue, and the Judge granting the order may at any time modify or dissolve the same on such security as he shall direct.

The third postulate of the appellant, if true, does not make against the instant procedure.   The judgment credi-

tor is not proceeding against the lumber which the Deer Island Company sold to Camp Jackson, nor against a credit for the lumber in the government's hand and due to the vendor of the lumber, but against the money which the government has paid for the lumber. The government is totally out of the transaction.

The order of the Circuit Judge is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY did not sit.