### PALMETTO BANK & TRUST CO. *ET AL.* v. McCOWN-CLARK

### CO. *ET AL.*

#### (141 S. E., 155)

1. EXECUTION—CLAIM OF THIRD PERSON TO PROPERTY MAY NOT BE SUMMARILY DISPOSED OF IN SUPPLEMENTARY PROCEEDING (CODE CIV. PROC. 1922, §§ 308, 383, 397, 617–619).—In view of Code Civ. Proc. 1922, §§ 308, 383, 397, as to form of and manner of commencing action, and form of pleading, and Sections 617–619, as to proceedings supplementary to execution, a third person claiming property rights not passed on in the original action under which execution issued may not be deprived either of his day in Court or of the right of trial in the form prescribed by law for a regular judicial procedure; so the Court may not in such supplementary proceeding summarily dispose of such issue of ownership or order the property claimed by the third person applied towards satisfaction of the execution, but, on a *prima facie* showing of ownership in the judgment debtor, it may merely keep the property in its possession till determination of right thereto in proper action therefor by either of the interested parties.

2. APPEARANCE—APPEARANCE AND RETURN BY CLAIMANT TO RULE TO SHOW CAUSE IN SUPPLEMENTARY PROCEEDING, AFTER EXECUTION, IS NOT CONSENT TO UNAUTHORIZED MODE OF TRIAL OF ISSUE OF OWNERSHIP.—Appearance by third person claimant and return to rule to

show cause in supplementary proceeding, when made in obedience to order of the Court, cannot be given effect as consent to a mode of trial of the issue of ownership not authorized by the statutes.

3. EXECUTION—NAMING OF JUDGMENT DEBTOR IN LIFE POLICY AS BEN-EFICIARY AUTHORIZES COURT IN SUPPLEMENTARY PROCEEDING TO RE-TAIN PROCEEDS TILL OWNERSHIP IS DECIDED.—That judgment debtor is named in life policy as beneficiary is *prima facie* showing of its ownership of the insurance money, claimed by insured's wife, so as to authorize the Court in supplementary proceedings to continue to hold the funds for proper action to determine who is entitled thereto.

Before SHIPP, J., Florence, October, 1926. Reversed and remanded.

Supplementary proceeding by the Palmetto Bank & Trust Company, and another against the McCown-Clark Company; H. A. McCown being brought in under direction of the Court. From an order in favor of the judgment creditors, the other parties appeal.

*Messrs. R. E. Whiting* and *W. Stokes Houck,* for appellant, cite: *When Judge in proceedings supplementary to the execution, can arrest funds in the hands of a third party:* 111 S. C., 299. *A trust may be modified without discharging or destroying it:* 103 S. C., 120. *Cases distinguished:* 34 S. C., 259. *"Trusts":* 133 N. Y. App. Div., 356; 47 S. W., 1084; 14 S. C., 210; 39 Cyc., 72; 104 Id., 112. *The lien of a judgment or execution will not attach on property which a man holds only as a trustee:* Speers Eq., 303, 307. *Where promise made for the benefit of a third party that party may sue on the promise:* 1 Rich., 268; 3 Strob., 196; 89 S. C., 11; 103 S. C., 55. *Trusts of personal property may be created and proved by parol:* 26 R. C. L., 1194; Speers Eq., 303, 307; 3 Rich. Eq., 398; 14 S. C., 210; 34 S. C., 259; 74 S. C., 246. *The objection that there was no agreement in writing to establish the trust would not in any event be available to the judgment creditors of the alleged trustee:* 1 Strob. Eq., 363,

370; 82 S. C., 97; 25 R. C. L., 736; 55 S. C., 195. *Same rule prevails as to proceeds of insurance policies as to other personalty:* 39 Cyc., 73; 14 R. C. L., 1377, 1396; 7 Am. Rep., 369; 21 L. R. A., 746; 102 A. S. R., 639. *Can the issue of ownership of the insurance proceeds be decided against the claim of Mrs. McCown under the rule to show cause without the trial of the issue:* 52 S. C., 185; 126 S. C., 254; Sec. 619, Code Civ. Proc., 10 R. C. L., 1381. *Cited generally:* 114 S. C., 306.

*Messrs. Sam J. Royall* and *Thos. H. Moffatt,* for respondents, cite: *Evidence submitted was insufficient to establish trust:* 23 A. L. R., 1502; 34 S. C., 259; 4 S. C., 144; 6 S. C., 90; 32 S. C., 595; 51 S. C., 37; 52 S. C., 388; 78 S. C., 490; 80 S. C., 30; 75 S. C., 237; 23 A. L. R., 1500; 65 Colo., 348. *"Express trusts":* Perry on Trusts, 17. *Trial Judge had power to order reference if he had considered showing of appellants sufficient:* Sec. 620, Code Proc. *Cases distinguished:* 111 S. C., 299.

January 10, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

Each of the respondents obtained judgment against the McCown-Clark Company, one of the appellants. J. W. McCown, an officer and part owner of McCown-Clark Company, had procured an insurance policy on his life, and McCown-Clark Company was named therein as beneficiary. Upon the death of Mr. McCown, McCown-Clark Company made proof of loss and the insurance company, without protest, agreed to pay the amount due on the policy, but, on account of a contest as to the ownership of the money, it was allowed to pay the amount of the policy into the Court. McCown-Clark Company denied that the money was due to it, but said that it was really owned by Mrs. H. A. McCown, the wife of the insured. Upon application of the respond-

ents as judgment creditors, his Honor, Circuit Judge S. W. G. Shipp, issued a rule to show cause in supplementary proceedings, in aid of execution against the judgment debtor, McCown-Clark Company. The judgment debtor made return to the effect that it had no right or interest in the insurance money, and that the policy was taken out under a trust agreement for the benefit of Mrs. McCown, and that all the premiums on the policy had been paid by the insured. Mrs. McCown was brought into the case under the direction of the Court, and on the rule to show cause she adopted the return made by the judgment debtor.

The Circuit Judge held that on the showing made the respondents, as judgment creditors, were entitled to have the insurance money applied to their judgments, and he so ordered.

Both the judgment debtor and Mrs. McCown have appealed from the order on circuit, and by their exceptions present to this Court two contentions: First, that the return should have been held sufficient, and that the rule should have been dismissed; second, that, even if a *prima facie* case to hold the funds was sufficiently established, yet the issue of ownership of the funds could not be determined upon the summary process had.

The right to trial under established forms of procedure, so as to permit a complete hearing of all matters involved in a controversy, was recognized at common law, and it has been safeguarded by Statutes set forth in our Code of Civil Procedure, as now appear in Volume 1 of the Code of 1922 as follows:

"(308) Section 1. *One Form of Action Established.*— There shall be in this State but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action."

"(382)   Section 1. *Actions—How Commenced.*—Civil actions in the Courts of record of this State shall be commenced by service of a summons."

"(397) Section 1. *Forms of Pleading.*—There shall be no other forms of pleadings in civil actions in Courts of record in this State, and no other rules by which the sufficiency of the pleadings is to be determined, than those prescribed by this Code of Procedure.'

Under the chapter relating to "Proceedings Supplementary to the Execution" (title IX, c, 2), we find the further provisions:

"(617) Sec. 5. *What Property may be Ordered to be Applied to Execution.*—The Judge may order any property of the judgment debtor, not exempt from execution, in the hands either of himself or any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment.   *   *   *".

"(618) Sec. 6. *Judge may Appoint Receiver and·Prohibit Transfer of Property.*—The Judge may also, by order, appoint a receiver of the property of the judgment debtor, in the same manner, and with the like authority, as if appointment was made by the Court, according to Section (524).   *   *   *   The Judge may also, by order, forbid a transfer or other disposition of the property of the judgment debtor not exempt from execution, and any interference therewith."

"(619) Sec. 7. *Proceedings on Claims of Others to Property or on Denial of Indebtedness.*—If it appears that a person or corporation alleged to have property of the judgment debtor, or, indebted to him, claims an interest in the property adverse to him, or denies the debt, such interest or debt shall be recoverable only in an action against such person or corporation by the receiver; but the Judge may, by order, forbid a transfer or other disposition of such property or interest, till a sufficient opportunity be given to the

receiver to commence the action, and prosecute the same to judgment and execution.   *   *   *"

It appears manifestly intended by the foregoing sections that a third person claiming property rights which have not been passed upon in the original action under which the execution is issued should not be deprived either of his day in Court or of the right of trial in the form prescribed by law for a regular judicial procedure.   No provision appears that either expressly or by implication gives authority to the Court to summarily dispose of the issue of ownership, or to order property claimed by another to be applied towards the satisfaction of an execution against the judgment debtor.   Nor can an appearance and return to such a rule, when made in obedience to the order of the Court, be given effect as consent to a mode of trial not authorized by the provisions of the Statutes.   On the other hand, it must also be recognized that no limitation is imposed upon the discretion of the Circuit Judge in keeping the property within the control of the Court, by forbidding its transfer or other disposition.

In our opinion, the decision of this Court in the case of *Deer Island Lumber Co. v. Virginia-Carolina Chemical Co.*, 111 S. C., 299; 97 S. E., 833, determines both questions raised in this appeal.   In that case, Mr. Justice Gage, speaking for the Court, in a matter similar to the case at bar, said:

"It is true the issue of ownership may not be finally determined, except the Deer Island Lumber Company shall be heard.   But a judgment creditor may by the plain words of the Statute arrest a fund in the hands of a third party, and alleged by such creditor to belong in truth to the judgment debtor, and proven *prima facie* to so belong, and hold the funds until the issue of ownership shall be decided. Sections 352 and 356, Code of Procedure [Sections 614 and 618, Code of 1922].   *   *   *

5—S. C. R.

"Corollary to that postulate is another that, if the fund appears on proof to be probably the property of Wilkins, then it ought to be held intact until the probable shall be ascertained to be the real. An examination of the whole record satisfies us that the Circuit Judge was right to conclude that the deposit ought to be arrested until by orderly proceedings the owner of it may be identified. Since that issue must be tried, we shall not suggest the probabiilties of the case, but shall content ourselves merely with the statement of our conclusion."

The insurance policy on its face stands in the name of the judgment debtor. In our opinion, this was a sufficient *prima facie* showing to warrant the Circuit Judge in holding the funds for proper action to decide who is entitled to have the funds, but it was not proper for the ownership to be decided at the hearing before the Circuit Judge. A hearing for that purpose, as provided by law, should have come later.

The judgment of this Court is that the order of the Circuit Judge be, and the same is hereby, reversed, and the cause remanded to the Court of Common Pleas for Florence County to permit either of the interested parties to bring action to recover the funds now in the hands of the Court.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.