13361

WANNAMAKER v. BRYANT *ET AL.*

(162 S. E., 779)

*Mr. A. J. Hydrick,* for appellants,

*Mr. M. E. Zeigler,* for respondent,

March 7, 1932.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The respondent, Wannamaker, as receiver of the Planters' Bank, in suits instituted by him, recovered judgments

against the defendants, W. D. Bryant and Alma E. Bryant. The judgments were not paid.

Before the judgments against her were entered, but after she had incurred the indebtedness on which they were based, Mrs. Bryant conveyed certain real estate to her husband, Robert F. Bryant.

The plaintiff, Wannamaker, as judgment creditor, thereafter instituted suit against Robert F. Bryant, the grantee of the judgment debtor, Mrs. Bryant, to set aside the deed of conveyance, on the ground that the same had been made by the grantor, and accepted by the grantee, "with intent to hinder, delay and defraud the creditors of the said Alma E. Bryant, particularly the plaintiff." The complaint contained no allegation of collusion or fraud on the part of the grantee, Robert F. Bryant. The defendant in that suit answered, within due time, and alleged that the transaction between his wife and himself was *bona fide,* that the deed was made upon a valuable consideration, and he specifically denied the allegations of the complaint.

Subsequent to the institution of the last-mentioned action, the respondent instituted "proceedings supplementary to the execution," provided for in Sections 613-622, Volume 1, Code of 1922. The husband of Mrs. Bryant, Robert F. Bryant, and grantee in the deed referred to, was not made a party to this proceeding.

The hearing in the supplementary proceedings was held before Circuit Judge Mann, and Mrs. Bryant alone was examined. Her husband, Robert F. Bryant, was present at the hearing, but was not offered as a witness by either side and did not volunteer to testify.

On the testimony of Mrs. Bryant, the Circuit Judge found as matters of fact that the consideration of the deed of Mrs. Bryant to her husband was certain indebtedness of hers to him,. and that the deed had been made "to keep the bank from getting the property." The order of the Court was to the effect that the sheriff of the county should proceed to levy

upon the real estate conveyed by Mrs. Bryant to her husband, "as if the same were her property," and that he should proceed "according to law to subject the said lot to the satisfaction of the said judgments of the petitioner (respondent)."

The appeal here is from that order.

There are six exceptions, all of which, however, raise but one main question; namely, that his Honor, the Circuit Judge, erred in holding, in the supplementary proceedings, that the real estate conveyed by Mrs. Bryant to her husband was applicable to the payment of the judgments against her, and directing such application.

In their respective arguments, able counsel for both the appellants and respondent, to sustain the positions taken as to the correctness of the order of the Circuit Judge, have cited numerous decisions of this Court, touching in some way or other incidental questions they regard as being involved in the appeal. It is not necessary, under the view we take as to the real issue to be determined, to enter upon a discussion of the cited cases, for counsel on both sides have overlooked two recent decisions, which, in our opinion, are conclusive of the appeal. The cases we refer to are *Deer Island Lumber Co. v. Virginia-Carolina Chemical Co.,* 111 S. C., 299, 97 S. E., 833, and *Palmetto Bank & Trust Co. et al. v. McCown-Clark Co. et al.,* 143 S. C., 98, 141 S. E., 155, 156.

In the *Palmetto Bank case,* this Court construed Sections 617, 618, and 619 of Volume 1 of the Code, in the chapter relating to "Proceedings Supplementary to the Execution," and the conclusions there reached were based largely upon the former holdings in the *Deer Island Lumber Company case.*

Briefly, the facts in the *Palmetto Bank case* were these: The bank had secured a judgment against McCown-Clark Company. McCown, an officer and part owner of McCown-Clark Company, had procured an insurance policy on his life, and McCown-Clark was named therein as beneficiary.

McCown-Clark Company denied that the insurance money was due to it, and said that it was really owned by Mrs. Mc-Cown, the widow of the insured, and Mrs. McCown made the same claim. In supplementary proceedings brought by the judgment creditor against McCown-Clark Company, in which proceedings Mrs. McCown was also joined, the Circuit Judge, after hearing testimony, held that the insurance money was applicable to the payment of the judgment against McCown-Clark Company, and directed such application.

On the appeal to this Court, the order of the Circuit Judge was reversed. The Court said: "The insurance policy on its face stands in the name of the judgment debtor. In our opinion, this was a sufficient *prima facie* showing to warrant the Circuit Judge in holding the funds for proper action to decide who is entitled to have the funds, *but it was not proper for the ownership to be decided at the hearing before the Circuit Judge. A hearing for that purpose, as provided by law, should have come later."* (Emphasis added.)

In some respects, the case of the appellants here is stronger in their favor than was the case of the appellants in the *Palmetto Bank case.* On its face, the deed to the real estate showed *prima facie* that the property is owned by Robert F. Bryant, the husband of the judgment debtor; and he was not a party to the action in which the supplementary proceedings were instituted.

In the *Palmetto Bank case,* referring to the sections of the Code relating to supplementary proceedings, it was also said: "No provision appears that either expressly or by implication gives authority to the Court to summarily dispose of the issue of ownership, or to order property claimed by another to be applied towards the satisfaction of an execution against the judgment debtor. Nor can an appearance and return to such a rule, when made in obedience to the order of the Court, be given effect as consent to a mode of trial not authorized by the provisions of the statutes."

Both Bryant, the grantee in the deed from his wife, and the wife, in the issue as to the ownership of the property, are entitled "to a mode of trial authorized by the provisions of the Statutes." Such trial was not had in the supplementary proceedings before the Circuit Judge.

The judgment of this Court is that the order appealed from be, and the same is hereby, reversed, without prejudice to the right of the respondent to proceed with his action to set aside the deed, or to bring such new action thereabout as he may be advised.

MESSRS. JUSTICES STABLER, CARTER and BONHAM and G. B. GREENE, Circuit Judge, concur.