# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

First Citizens Bank and Trust Company, Inc.,
Respondent,

v.

Ronald D. Taylor and Ted D. Smith, Defendants,

Ex Parte: Smith Family, LLC, WHS Properties, LLC,
and Wanda H. Smith, Appellants.

Appellate Case No. 2017-001700

———————————

Appeal From Greenville County
Charles B. Simmons, Jr., Circuit Court Judge

———————————

Opinion No. 5739
Submitted February 18, 2020 – Filed July 8, 2020

———————————

**AFFIRMED**

———————————

Randall Scott Hiller, of Greenville, for Appellants.

Joey Randell Floyd and Chelsea Jaqueline Clark, both of
Bruner Powell Wall & Mullins, LLC, of Columbia, for
Respondent.

———————————

**THOMAS, J.:** Smith Family, LLC, WHS Properties, LLC, and Wanda H. Smith (Appellants) appeal a master-in-equity's order based on First Citizens Bank and Trust Company, Inc.'s initiation of supplemental proceedings to collect on an order of judgment, arguing the master erred in (1) adjudicating a Statute of Elizabeth (SOE) claim as part of supplementary proceedings; (2) adjudicating facts without the opportunity for Appellants to present evidence; (3) not ruling on whether the subject property was exempt; (4) granting a motion to join Appellants; and (5) finding subject matter jurisdiction to add parties. We affirm.

## FACTS

On May 22, 2008, Ronald Taylor and Ted Smith[1] executed a note in favor of First Citizens in exchange for a $52,526.07 loan. Taylor and Smith failed to make the required payments, and on July 28, 2014, First Citizens filed an action against them. By order filed October 1, 2015, the circuit court entered a judgment of $74,843.23 against Taylor and Smith. Taylor and Smith appealed to this court, which affirmed. *First Citizens Bank & Trust Co. v. Taylor*, Op. No. 2016-UP-471 (S.C. Ct. App. filed Nov. 9, 2016).

After an execution was issued on October 27, 2015, and a *nulla bona* return was made to the execution, the matter was referred to the master, and First Citizens filed a petition for supplemental proceedings. The master held a hearing on January 23, 2017.

Smith testified he "lived off of" his social security income and had no other sources of income or bank accounts. Smith admitted his wife owned an LLC, Smith Family, LLC, that had one bank account at United Community Bank (UCB). Taylor similarly testified he had no bank accounts and "lived off of" his social security income. First Citizens moved for additional discovery, which the master granted.

First Citizens issued subpoenas and motions to compel, seeking documents regarding Smith Family, LLC. Smith, on behalf of himself and Appellants, moved to quash as to the UCB account belonging to Smith Family, LLC. After a hearing and based on documents provided by UCB, the master denied the motion to quash by order filed May 22, 2017. On May 24, 2017, Smith and Mrs. Smith were deposed.

---

[1] Ted Smith is married to Wanda H. Smith, one of the appellants.

In his deposition, Smith testified he had an accounting degree and an MBA, was 69 years old, and had worked in banking and the building business until 2008. He asserted he set up between fifteen and twenty LLCs during his business career, and he had three primary companies at the time he quit in 2008.

Smith admitted he used the UCB account for personal use, such as to pay bills. He also admitted he was a signatory on the account. At the time of his deposition, the UCB account had a balance of $380,000.

Smith testified he was a realtor and a broker-in-charge of two real estate companies. He admitted he transferred his personal funds into the Smith Family, LLC, including the following four deposits of his money into the UCB account:

1) March 23, 2016: Inheritance of $15,789.27.[2]
2) July 14, 2016: Real estate commission for $16,800.
3) August 17, 2016: Real estate commission for $20,250.
4) October 27, 2016: Compensation for managing a project known as the "Easley Building" of $28,187.49.

These deposits totaled $81,026.76.

Smith also admitted Mrs. Smith purchased silver from the account in February 21, 2016, for $135,374. The Smiths also purchased gold using money from the account. Smith estimated they owned approximately $300,000 in gold and silver at the time of the depositions. Smith acknowledged his money was "mixed in with" the Smith Family, LLC money.

Mrs. Smith testified in her deposition that she majored in Art in college, worked for a few years in administrative/retail jobs, worked for fifteen years for her father's construction company, and then became a stay-at-home mother to the Smiths' two children. She testified that throughout the forty-two years of their marriage, she never worked for any of her husband's businesses. According to Mrs. Smith, she and Smith are now retired, although Smith looks for real estate deals. Smith always handled the family finances, and Mrs. Smith was only aware of one BB&T bank account.

---

[2] $15,664.27 distribution from his mother's estate plus $125 payment from the personal representative.

As to Smith Family, LLC, Mrs. Smith testified her husband managed it; she did not know where it banked; she did not know what assets it held; she was unaware of whether there were corporate records and that the LLC had been subpoenaed; and she knew nothing about the purchase of gold and/or silver. She further testified Smith had full and exclusive control of all bank accounts of the LLC. Smith acknowledged she was the sole owner of the LLC and Smith was the sole manager; however, she insisted the money in the LLC was solely hers although she did not know where it came from. During cross-examination, she testified the money came from earnings she saved while working "since [she] was a teenager."

Mrs. Smith testified WHS Properties, LLC (WHS), one of the appellants in this case, was her company, but she admitted Smith organized it in 2008. Mrs. Smith testified WHS owned a shopping center that had been sold; the proceeds were transferred to Smith Family, LLC; and WHS was now "closed." She admitted Smith suffered financial hardships during the recession in 2008 and 2009.

Following the depositions, First Citizens moved to join Appellants as parties. First Citizens also moved to execute on funds held by Appellants. The master entered a consent order prohibiting Smith Family, LLC from selling, disposing of, or otherwise transferring the gold and silver.

A hearing on the motions to join the parties and execute on the funds was held on June 23, 2017. First Citizens argued Rhino Realty 1, Fund 1, LLC, changed its name to WHS Properties, LLC, in 2008 when Smith closed most of his businesses. First Citizens argued the judgment was obtained in 2015; the funds were transferred into the Smith Family, LLC account in 2016; and the purchases of gold and silver were made in 2016. At the time of the hearing, Smith Family, LLC was actively engaged in a project with a church, which obligated Smith Family, LLC to build a building. According to First Citizens, Smith was not retired; rather, he was actively involved in developing property. Furthermore, First Citizens argued, the SOE applied because property was transferred to a third-party, the Smith Family, LLC, to avoid the judgment. The master granted the motion to add the parties during the hearing and took the other issues under advisement.

By written order filed July 5, 2017, the master granted the motion to add the parties. The master found Smith's deposits totaling $81,026.76 of his personal funds into the Smith Family, LLC, bank account constituted "transfers without valuable consideration" or in the alternative, fraudulent transfers made with the actual intent of defrauding creditors. Thus, the master ordered Appellants to pay First Citizens $81,026.76 toward its judgment against Smith. The master declined

to seize or proceed against other assets owned by Appellants, "based upon substantive due process rights of these parties . . . [, finding] such relief is more appropriately sought through [First Citizens] bringing an independent action against them."

Appellants moved to reconsider, and First Citizens moved to compel payment. By order filed August 7, 2017, the master denied the motion to reconsider and held the motion to compel in abeyance, stating "[i]n the event that Smith Family, LLC has not paid the money . . . this Court will schedule and hear [the motion to compel] as soon thereafter as reasonably possible." Appellants filed a motion for supersedeas with the master and filed a notice of appeal with this court. By order filed September 6, 2017, the master required Appellants to transfer $125,000 in gold to First Citizens, after its verification, to be held in a safety deposit box until Appellants paid the $81,026.76 by December 31, 2017. The master retained jurisdiction over the motion for supersedeas. First Citizens moved to hold Appellants in contempt when they failed to comply with the September 6, 2017 order by allegedly tendering only $91,438.76 worth of gold. By order filed October 20, 2017, the master ordered Smith to liquidate the gold within fifteen days and pay First Citizens by check to be held by the clerk of court. The master held in abeyance First Citizen's request for fees for authentication and transportation of the gold. According to First Citizens, the funds are being held by the court during the pendency of the appeal.

## STANDARD OF REVIEW

"A clear and convincing evidentiary standard governs fraudulent conveyance claims brought under the Statute of Elizabeth." *Oskin v. Johnson*, 400 S.C. 390, 396, 735 S.E.2d 459, 463 (2012). "An action to set aside a conveyance under the Statute of Elizabeth is an equitable action, and a de novo standard of review applies." *Id.* at 397, 735 S.E.2d at 463. "On appeal from an action in equity, [the appellate court] may find facts in accordance with its view of the preponderance of the evidence." *Walker v. Brooks*, 414 S.C. 343, 347, 778 S.E.2d 477, 479 (2015). "However, this broad scope of review does not require this court to disregard the findings at trial or ignore the fact that the [master] was in a better position to assess the credibility of the witnesses." *Laughon v. O'Braitis*, 360 S.C. 520, 524-25, 602 S.E.2d 108, 110 (Ct. App. 2004).

"The interpretation of a statute is a question of law." *Sparks v. Palmetto Hardwood, Inc.*, 406 S.C. 124, 128, 750 S.E.2d 61, 63 (2013) (citing *CFRE, L.L.C. v. Greenville Cty. Assessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011)). "This

Court may interpret statutes, and therefore resolve this case, 'without any deference to the court below.'" *Brock v. Town of Mount Pleasant*, 415 S.C. 625, 628, 785 S.E.2d 198, 200 (2016) (quoting *CFRE*, 395 S.C. at 74, 716 S.E.2d at 881).

**LAW/ANALYSIS**

**1.     Supplementary Proceedings[3]**

Appellants argue the master erred in adjudicating the SOE claim as part of a supplementary proceeding and making factual findings without the opportunity for Appellants to present evidence, which Appellants argue violated their rights to due process.  Appellants maintain the master erred by adding them as parties to a supplementary proceeding, arguing First Citizens was required to file a separate action, including pleading the SOE, conducting discovery, and affording Appellants a trial.

There is clear authority to reach assets of a judgment debtor in the hands of a third party; however, the issue in this case is whether the supplementary proceedings met the statutory requirements governing the procedure to reach the assets, and whether this supplementary proceeding provided due process to Appellants.  "If a judgment is unsatisfied, the judgment creditor may institute supplementary proceedings to discover assets." *Johnson v. Serv. Mgmt., Inc.*, 319 S.C. 165, 167, 459 S.E.2d 900, 902 (Ct. App. 1995), *aff'd*, 324 S.C. 198, 478 S.E.2d 63 (1996).  "Supplementary proceedings are equitable in nature." *Ag-Chem Equip. Co. v. Daggerhart*, 281 S.C. 380, 383, 315 S.E.2d 379, 381 (Ct. App. 1984).  "Proceedings supplementary to execution . . . provid[e] for examination of the judgment debtor for the purpose of discovering property out of which the judgment against him may be satisfied . . . ." *Lynn v. Int'l Bhd. of Firemen & Oilers*, 228 S.C. 357, 362, 90 S.E.2d 204, 206 (1955).

South Carolina Code Section 15-39-410 provides the court "may order any property of the judgment debtor, not exempt from execution, *in the hands either of himself or any other person or due to the judgment debtor*, to be applied toward the satisfaction of the judgment . . . ." S.C. Code Ann. § 15-39-410 (2005) (emphasis added).  Our code also provides a judgment creditor with the ability to "arrest" funds in the hands of a third party if alleged by a creditor to belong to the judgment debtor and to hold the funds until the true ownership is decided.  S.C. Code Ann. §§ 15-39-310 to -320 (2005); *see Deer Island Lumber Co. v. Virginia-Carolina*

---

[3] Like Appellants did in their brief, we combine the first two arguments.

*Chem. Co.*, 111 S.C. 299, 303, 97 S.E. 833, 834 (1919) (describing the ability to arrest funds).  Section 27-23-10(A), the SOE, provides as follows:

> Every gift, grant, alienation, bargain, transfer, and conveyance of lands, tenements, or hereditaments, goods and chattels or any of them, or of any lease, rent, commons, or other profit or charge out of the same, by writing or otherwise, and every bond, suit, judgment, and execution which may be had or made to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must be deemed and taken . . . to be clearly and utterly void . . . .

S.C. Code Ann. § 27-23-10(A) (2007).  Finally, however, Section 15-39-460 provides:

> If it appears that a person or corporation alleged to have property of the judgment debtor or indebted to him claims an interest in the property adverse to him or denies the debt such interest or debt shall be recoverable *only in an action against such person or corporation by the receiver.*

S.C. Code Ann. § 15-39-460 (2005) (emphasis added).

Appellants cite *Wannamaker v. Bryant*, 165 S.C. 107, 110, 162 S.E. 779, 780 (1932) (quoting *Palmetto Bank & Trust Co. v. McCown-Clark Co.*, 143 S.C. 98, 103, 141 S.E. 155, 156 (1928)), in which our supreme court held the court had no authority to "summarily dispose of the issue of ownership, or to order property claimed by another to be applied towards the satisfaction of an execution against the judgment debtor."  First Citizens argues *Wannamaker* is distinguishable.

In *Wannamaker*, a wife transferred real estate to her husband to avoid a creditor. *Id.* at 108, 162 S.E. at 779.  The creditor filed an action against the husband and the wife to set aside the deed, alleging a fraudulent conveyance.  *Id.*  Thereafter, the creditor filed "proceedings supplementary to the execution."  *Id.*  The husband was not made a party to the supplementary proceedings.  *Id.*  At the hearing in the supplementary proceedings, the trial court found the transfer had been made "to keep the bank from getting the property."  *Id.*  The trial court ordered the property

was subject to the satisfaction of the creditor's judgment. *Id.* at 108−09, 162 S.E. at 779−80. On appeal, our supreme court reversed, recognizing the husband had not been made a party to the supplemental proceedings. *Id.* at 110, 162 S.E. at 781. The court noted its judgment was "without prejudice to the right of the [creditor] to proceed with his action to set aside the deed . . . ." *Id.* at 111, 162 S.E. at 781.

Appellants also rely on *Palmetto Bank & Trust Co. v. McCown-Clark Co.*, 143 S.C. 98, 141 S.E. 155 (1928). In *Palmetto Bank*, the corporate judgment debtor was named as the beneficiary on a life insurance policy of one of its individual owners. *Id.* at 100, 141 S.E. at 155. The corporation denied ownership of the funds, stating the individual owner had paid the premiums on the policy, and maintained the proceeds belonged to the owner's wife. *Id.* After supplementary proceedings, the circuit court granted judgment in the creditor's favor. *Id.* at 101, 141 S.E. at 155. Our supreme court reversed, finding as follows:

> It appears manifestly intended by the [statutes] that *a third person claiming property rights* which have not been passed upon in the original action under which the execution is issued should not be deprived either of his day in court or of the right of trial in the form prescribed by law for a regular judicial procedure. No provision appears that either expressly or by implication gives authority to the court to summarily dispose of the issue of ownership, or to order property claimed by another to be applied towards the satisfaction of an execution against the judgment debtor. Nor can an appearance and return to such a rule, when made in obedience to the order of the court, be given effect as consent to a mode of trial not authorized by the provisions of the statutes. On the other hand, it must also be recognized that no limitation is imposed upon the discretion of the circuit judge in keeping the property within the control of the court, by forbidding its transfer or other disposition.

*Id.* at 103, 141 S.E. at 156 (emphasis added). The court in *Palmetto Bank* relied on *Deer Island*, quoting: "It is true the issue of ownership may not be finally determined, except the Deer Island Lumber Company shall be heard." *Id.* (quoting *Deer Island*, 111 S.C. at 302, 97 S.E. at 834). However, in *Deer Island*, the third party (Deer Island Lumber) claiming ownership over the funds alleged to belong to

the judgment debtor moved to intervene in the supplementary proceedings. *Deer Island*, 111 S.C. at 302, 97 S.E. at 833. The judgment debtor appealed a temporary injunction restricting a bank from releasing the funds. *Id.* The circuit court appointed a receiver and granted the motion to intervene. *Id.* On appeal, our supreme court affirmed. *Id.* at 305, 97 S.E. at 834.

First Citizens distinguishes *Palmetto Bank*, arguing Appellants did not claim ownership of the deposits made by Smith, the judgment debtor. Instead, Smith's uncontradicted deposition testimony stated the funds at issue were his own. Furthermore, in *Wannamaker*, the husband was not made a party to the supplementary proceedings. *Wannamaker*, 165 S.C. at 108, 162 S.E. at 779. In this case, Appellants were joined and had the opportunity to participate in the proceedings. The court in *Palmetto Bank* prohibited a summary disposition of the issue of ownership, which is not the case here. *See Palmetto Bank*, 143 S.C. at 103, 141 S.E. at 156. Finally, in *Deer Island*, the court permitted a motion to intervene, implying a continuation of the supplementary proceedings, rather than a separate action, could be used to determine ownership of the funds as long as the third party alleging ownership had the opportunity to be heard. *Deer Island*, 111 S.C. at 302, 97 S.E. at 833.

In this case, Appellants had the opportunity to dispute the funds belonged to Smith, and Smith's own testimony was that the funds at issue were his funds deposited into Smith Family, LLC's account. Appellants were on notice and participated throughout the proceedings, during discovery, depositions, hearings, and judicial review. Appellants could have presented rebuttal evidence and had every opportunity to be heard. *See Kurschner v. City of Camden Planning Comm'n*, 376 S.C. 165, 171, 656 S.E.2d 346, 350 (2008) ("The fundamental requirements of due process include notice, an opportunity to be heard in a meaningful way, and judicial review."). As the master found in his order denying Appellants' motion for reconsideration,

> In terms of Smith Family, LLC's ability to present evidence and testimony, this Court notes that depositions were taken in conjunction with the Supplemental Proceedings, and Counsel for Smith Family, LLC participated in the depositions. Moreover, [Appellants' counsel] presented this Court with his arguments and had the opportunity to present evidence at the Motions hearing on June 23, 2017, if Smith Family, LLC wanted to present evidence. However, in light of the prior sworn

testimony at the January 23, 2017 Supplemental Proceedings hearing, the admissions by Ted D. Smith in his deposition, along with the deposition testimony of Wanda H. Smith, it is difficult to imagine what, if any, evidence or testimony that Smith Family, LLC and/or Ted D. Smith could have presented to dissuade this Court from finding the deposit of Ted D. Smith's personal funds into the bank account of Smith Family, LLC as being fraudulent transfers.

We affirm, finding the master did not err in applying either the SOE or section 15-39-410 in a supplementary proceeding and there was no due process violation.[4]

## 2.     Exemption

Appellants argue the master erred in finding the funds were transferred in violation of the SOE without determining if they were exempt from execution under section 15-39-410.  Appellants maintain the master only has authority over non-exempt property and section 15-41-30 provides a minimum exemption of $10,000, which was not considered by the master.

Appellants did not raise this issue to the master at the hearing, the master did not rule on it, and Appellants raised it for the first time in their motion for reconsideration.  Thus, it is not preserved for appellate review.  *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 409 S.C. 563, 567, 762 S.E.2d 693, 695 (2014) ("[A] party cannot use a Rule 59(e)[, SCRCP] motion to advance an issue the party could have raised to the [trial] court prior to judgment, but did not."); *Patterson v. Reid*, 318 S.C. 183, 185, 456 S.E.2d 436, 437 (Ct. App. 1995) ("A party cannot for the first time raise an issue by way of a Rule 59(e) motion which could have been raised at trial.").

## 3.     Subject Matter Jurisdiction and Joinder of Appellants

---

[4] Without citation to authority, Appellants summarily address the master's findings that the transfers were fraudulent conveyances.  We decline to address this issue. *See Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) ("Issues raised in a brief but not supported by authority may be deemed abandoned and not considered on appeal.").

Appellants argue the master lacked subject matter jurisdiction to add parties to an order for discovery of property supplemental to execution of judgment; thus, the master erred in granting the motion for joinder. We disagree.

"Whether a court has subject matter jurisdiction is a question of law we review de novo." *Deborah Dereede Living Tr. dated Dec. 18, 2013 v. Karp*, 427 S.C. 336, 346, 831 S.E.2d 435, 441 (Ct. App. 2019). "[S]ubject matter jurisdiction refers to a court's constitutional or statutory power to adjudicate a case." *Johnson v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 372 S.C. 279, 284, 641 S.E.2d 895, 897 (2007). "Stated somewhat differently, 'subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.'" *Id.* (quoting *State v. Gentry*, 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005)). "It is well-settled that issues relating to subject matter jurisdiction may[ ]be raised at any time." *Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 168, 485 S.E.2d 371, 372 (1997).

A master's authority to determine issues referred to him by the circuit court is a question of subject matter jurisdiction, which "may be raised at any time, including on appeal." *Normandy Corp. v. S.C. Dep't of Transp.*, 386 S.C. 393, 403, 688 S.E.2d 136, 141 (Ct. App. 2009). "Pursuant to Rule 53, SCRCP, a master has no power or authority except that which is given to him by the order of reference." *Bunkum v. Manor Props.*, 321 S.C. 95, 98, 467 S.E.2d 758, 760 (Ct. App. 1996). "When a case is referred to a master, Rule 53(c)[, SCRCP] gives the master the power to conduct hearings in the same manner as the circuit court, unless the order of reference specifies or limits his powers." *Smith Cos. of Greenville, Inc. v. Hayes*, 311 S.C. 358, 360, 428 S.E.2d 900, 902 (Ct. App. 1993). Rule 69, SCRCP provides that "proceedings supplementary to and in aid of a judgment . . . shall be as provided by law[,]" and authorizes a judgment creditor to "examine any person . . . in the manner provided . . . for obtaining discovery."

In this case, the circuit court's order of reference ordered Taylor and Smith to appear before the master "TO SHOW CAUSE why [their] property should not be applied towards satisfaction of the Judgment" and referred the case to the master with the authority to "entertain and rule upon all motions necessary to dispose of this matter, to include but not limited to, motions to dismiss, motions to appoint Receiver, motions to continue the matter, and motions to sell all or certain property of judgment debtor in satisfaction of [First Citizen's] debt and has authority to enter a Final Order."

We find the master acted within his subject matter jurisdiction in joining Appellants in the supplementary proceedings, in applying the SOE and section 15-39-410 in determining the ownership of the funds, and in ordering the sale of the gold and silver to satisfy the judgment. The type of procedure used, whether a supplementary proceeding or a new action, does not affect the master's power to hear this type of case. *See Gentry*, 363 S.C. at 100, 610 S.E.2d at 498 (noting "subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong").

**CONCLUSION**

Based on the foregoing, the master's order is

**AFFIRMED.**

**HUFF and MCDONALD, JJ., concur.**