17089

ARMETA D. LYNN, Appellant, v. The INTERNATIONAL
BROTHERHOOD OF FIREMEN AND OILERS, THE
ATLANTIC COAST LINE RAILROAD COM-
PANY, B. E. TAYLOR and A. C. SCHUYLER,
Respondents

(90 S. E. (2d) 204)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant:*

*Messrs. John W. Crews* and *F. Ehrlich Thomson,* of Columbia, and *Edward J. Hickey, Jr.,* and *William G. Mahoney,* of Washington, D. C., *for Respondent, Local 776,* and *Messrs. Mulholland, Robie & Hickey,* of Washington, D. C., *of Counsel,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant, in reply,*

November 17, 1955.

LEGGE, Justice.

In February, 1954, judgment was entered in the Court of Common Pleas for Florence County in favor of appellant against the respondent, The International Brotherhood of

Firemen and Oilers, which did not appeal therefrom. Execution was issued on the judgment and thereafter returned *nulla bona* by the sheriff of that county. Thereafter appellant filed in the circuit court a petition alleging, in addition to the facts above stated, that Local 776 of The International Brotherhood of Firemen and Oilers was a local union with approximately fifty members, affiliated with the judgment debtor, operating in Florence County, and required under the constitution and by-laws of the latter to collect dues from its members for the account of the judgment debtor; and praying that the chairman, the president, and the treasurer of the local union be required to appear and answer concerning the property of the International Brotherhood and to show cause why such accounts receivable should not be impounded and applied to the satisfaction of the judgment. Upon this petition a rule was issued directed to these officers of the local union requiring them to appear before the Judge of the Twelfth Judicial Circuit on August 16, 1954, then and there to show cause why such impoundment of the dues should not be ordered. No formal return to the rule was made, but the officers of the local appeared as ordered and produced the pertinent provisions of the constitution and by-laws of the International Brotherhood. At the hearing it was shown that there are approximately fifty members of the local union, who pay monthly dues in the amount of $2.00 to its treasurer, and that these dues are apportioned between the local and the parent unions.

Upon the showing thus made, the lower court held that it was without power to issue an order directing that the dues in the hands of the treasurer of the local union for the account of the parent union be impounded or otherwise made applicable to the judgment against the latter, and the petition was accordingly denied. From that order this appeal is taken on exceptions which, as stated in appellant's brief, raise two questions, to wit:

1. Are the funds collected by Local 776 property of the parent union?

2. Did the court have power to order such funds to be applied to the payment of the judgment?

The relationship between The International Brotherhood of Firemen and Oilers and its Local 776 is clearly shown by the following provisions of the constitution of the former:

In Article I, Section 2, the objects of the Brotherhood are set forth, among them the organization of local unions.

Article I, Section 5, provides that "no local union shall be entitled to representation unless all indebtedness, including per capita tax, fines or assessments, have been paid up in full to the first of the month prior to the convention".

By Article I, Section 17, the financial officers of local unions are required to be bonded; and a local union failing to comply with this requirement is subject to a fine, to be paid into the International treasury.

Article I, Section 21, provides that all membership cards shall be issued from International headquarters, and that each application for membership must be accompanied by a fee of $2.00, of which $1.00 shall be accredited to the Death Burial Fund.

Article I, Section 22, provides that "the per capita tax of the International" shall be:

For employed members on the railroads, one dollar per member per month, of which fifty cents shall go into the General Fund, thirty cents into the Railway System Fund, and twenty cents into the Death Burial Fund;

For unemployed members on the railroads, seventy cents per member per month, of which fifty cents shall go into the General Fund and twenty cents into the Death Burial Fund; and

Except as above provided, seventy cents per member per month, of which fifty cents shall go into the General Fund and twenty cents into the Death Burial Fund.

The same section further provides for the automatic suspension of a member who is sixty days in arrears for dues, and that in order to become again entitled to death benefit

such member must apply to the local union for membership as a new member, paying the application fee required by the local union, of which $2.00 shall be forwarded by the local union to the International.

The same section also provides that the initiation fee may be fixed by the local union, but shall be not less than $3.50, and that the monthly dues shall be not less than $2.00, payable on the first of the current month.

Article I, Section 22, provides, concerning the per capita tax, as follows:

"The Secretary of the Local Union shall send the per capita tax and monthly report to the International office not later than the 15th of each month for the month preceding, which report must be signed by the Local Secretary and approved by the Local President. All monies shall be payable by post office money order, bank check or express money order, payable to the International Secretary-Treasurer, who shall receipt for the same. The amounts due the International from the various Local Unions from time to time on account of per. capita tax is declared to be a standing obligation of the various Local Unions, and the Local President and Local Secretary are authorized and directed to draw warrants on the Local Secretary-Treasurer in favor of the International Secretary-Treasurer therefor, and to remit the amount thereof to the International Secretary-Treasurer without the vote or approval of the Local Union. * * *"

Article II is entitled "Rules for Local Unions and Local Officers", and in Section 7 thereof is repeated the requirement that "all dues are payable on the first day of each month for the current month".

Article IX, Section 4, of the By-Laws of the International Brotherhood of Firemen and Oilers, prescribes, among the duties of the Local Financial Secretary, that he shall collect all dues, and make the monthly reports to the International with regard to the "per capita tax".

It appears undisputed that the monthly dues of each member of Local 776 are $2.00; that these dues are payable on the first day of each month, for that month; that a "per capita tax" of fifty cents per member per month is required to be paid monthly by the local to the parent union for the latter's General Fund, the remittance and report to be sent by the secretary of the local not later than the 15th day of each month, for the month (presumably calendar month) preceding. Whether the "per capita tax" is computed on the membership as of the first, or as of the last day of the month, does not clearly appear from the record before us; but the obligation in whatever amount, of the local to the parent union is, on the last day of the month, definitely fixed, although fifteen days thereafter is allowed for its remittance.

In its decree, the lower court considers the dues in the hands of the treasurer of the local union as belonging partly to the local and partly to the parent union, and concludes that the court is without power, in supplementary proceedings, to impound the portion belonging to the parent union or to order it applied to the payment of the judgment, because to so order would in effect be appointing the treasurer of the local a receiver. In this conclusion we think the court erred.

Proceedings supplementary to execution, in addition to providing for examination of the judgment debtor for the purpose of discovering property out of which the judgment against him may be satisfied, furnish a means of reaching, in aid of the judgment, property beyond the reach of an ordinary execution, such as choses in action. 21 Am. Jur., Executions, Sec. 689, p. 327; 33 C. J. S., Executions, § 349, p. 652, *Cf. Union Bank & Trust Co. of Kokomo v. Vandervoort,* 122 Ind. App. 258, 101 N. E. (2d) 724.

Section 10-1731 of the 1952 Code of Laws provides that in supplementary proceedings the judge "may order any property of the judgment debtor, not exempt from execution, in the hands either of himself or any other person or due to the judgment debtor, to be applied towards the satisfaction

of the judgment * * *." Thus we have held that a judgment in favor of the judgment debtor may be so reached. *Rhodes v. Casey,* 20 S. C. 491. And likewise with regard to funds in the hands of a third party alleged to belong to the judgment debtor and proven *prima facie* to so belong. *Deer Island Lumber Co. v. Virginia-Carolina Chemical Co.,* 111 S. C. 299, 97 S. E. 833.

Much of the briefs on both sides is directed to discussion of whether or not the funds in the hands of the local union due the parent union are, or are not, the property of the latter. But as we view it, ownership of the physical funds is beside the point here. The obligation of the local to the parent union is, in the words of the Brotherhood's constitution, a "standing obligation"; it is in an amount definitely determined each month, and its payment is not dependent upon any contingency. It is a chose in action, the property of the parent union; and the circuit court has power, under Section 10-1731, to order the amount of the local union's monthly payments thereunder applied by its proper officers to the payment of the judgment against the parent union. The method of such application, whether through the appointment of a receiver, or by an order directing that payment be made to an officer of the court or to counsel of record for the judgment creditor, is a matter with which this appeal is not concerned. The order of the circuit court is accordingly reversed, and the cause is remanded to that court for further proceedings consistent with the view herein expressed.

Reversed and remanded.

STUKES, TAYLOR and OXNER, JJ., concur.

BAKER, C. J., not participating.