19821

LOWNDES PRODUCTS, INC., Appellant, v. Claude A. BROWER et al., Respondent

(205 S. E. (2d) 184)

*Messrs. David L. Freeman* and *Alfred F. Burgess* of *Wyche, Burgess, Freeman & Parham,* Greenville, *for Appellant.*

*Messrs. Leatherwood, Walker, Todd & Mann* and *Ralph Bailey of Bailey and Dority,* Greenville, *for Respondents.*

May 8, 1974.

LEWIS, Justice.

There was an earlier appeal in this case. 259 S. C. 322, 191 S. E. (2d) 761. The order of the lower court in that appeal was affirmed in part and reversed in part as the result of a determination that the defendants who had been employees of the plaintiff were guilty of a breach of their duty of loyalty to their employer. The action was remanded for the determination of the amount of the damages

sustained by plaintiff. The parties were allowed on remand to rely upon the record already made and also to submit such additional testimony as deemed appropriate on the issue of damages.

After remand, plaintiffs gave notice, under Circuit Court Rule 87 (Vol. 15, pg. 67, Supplement to 1962 Code of Laws), of the taking of depositions of certain named defendants in connection with the determination of the issue of damages and, under Circuit Court Rule 88 (Vol. 15, pg. 72, 1962 Code of Laws), for the production by them of certain records deemed pertinent to that issue. This appeal is from an order of the lower court refusing to compel such discovery.

Although the parties have not raised the question, we dismiss the appeal upon the ground that the order under appeal was an intermediate or interlocutory decision under Section 15-123 of the 1962 Code of Laws, and is not appealable before final judgment. *Wallace v. Interamerican Trust Co.*, 246 S. C. 563, 144 S. E. (2d) 813.

This is in accord with the rule that, ordinarily, an order denying or compelling discovery is not directly appealable. Annotation: 37 A. L. R. (2d) 586; 4 Am. Jur. (2d), Appeal and Error, Sections 79 & 80.

The appeal is accordingly dismissed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.

*On petition for rehearing,* the following order has been endorsed:

Rule 87(B), (E) reserves the right to object at the time of trial to the admissibility of any testimony taken at the deposition, and does not contemplate that the exclusion of testimony at such deposition will necessarily preclude its admission upon the trial.

The order denying discovery only determined what evidence might be elicited upon the pretrial examination of the

defendant and does not have the effect of determining the scope of the issues at the trial. The measure and elements of damage will be determined by the trial judge in the light of the pleadings and the applicable principles of law, unaffected by the considerations which may have prompted the judge in this matter in issuing the discretionary order under appeal.

The plaintiff is not precluded by the order denying discovery from developing the testimony in question upon the trial of the case, at which time its competency, relevancy, and materiality may be determined by the trial judge. Whether or not plaintiff is prejudiced by the order refusing the right of pretrial examination of the defendants can best be determined in the light of the subsequent developments in the trial.

Therefore, the present discovery order does not involve the merits and the petition for a rehearing is accordingly denied.