2372

June JOHNSON and Ruthe Ann Mason d/b/a A & J Nursing Service, Respondents v. SERVICE MANAGEMENT, INC., Appellant.

(459 S.E. (2d) 900)

Court of Appeals

*Henry T. Woods,* of *Woods & Woods,* Rock Hill, *for appellant.*

*William S. Bean,* of *Bean & Bean;* and *Judson K. Chapin, III,* of *Gaines, Walsh & Chapin,* Spartanburg, *for respondents.*

Submitted June 6, 1995.

Decided July 3, 1994; Reh. Den. Aug. 17, 1995.

HOWELL, Chief Judge:

Service Management, Inc. (SMI) appeals a circuit court order directing a bank to deliver funds in an account owned by appellant to June Johnson and Ruthe Ann Mason d/b/a A & J Nursing Service (A & J) to satisfy a judgment. We reverse.

A & J sought a judgment against SMI on an account in the amount of $16,767.50. The trial court granted A & J's motion for summary judgment by order dated October 21, 1993. On

February 9, 1994, apparently without notice to SMI, A & J presented an affidavit to the trial court stating that SMI maintained a corporate checking account at Southern National Bank of South Carolina. The court issued an order that same day directing Southern National to deliver to A & J all funds on deposit in SMI's corporate checking account, up to the amount of the judgment. The order further provided that, in the event the amount in the account was not sufficient to satisfy the judgment, the order would continue in full force and effect, and all sums deposited in the account should be paid to A & J until the judgment was satisfied. After receiving a copy of the order, Southern National delivered to A & J $15,838.37, the total amount of funds in SMI's account. On February 11, 1994, SMI filed a motion requesting the trial court to vacate the February 9th order. The trial court denied the motion.

On appeal, SMI contends the trial court erred when it refused to vacate the February 9 order because A & J failed to meet the requirements of S.C. Code Ann. § 15-39-10 *et seq.*, and failed to conduct supplementary proceedings as required by Rule 69, SCRCP. We agree.

Judgments generally are enforced by way of writs of execution issued to the sheriff. *See* S.C. Code Ann. § 15-35-180 (1976) (providing that judgments requiring the payment of money or the delivery of real or personal property "may be enforced in those respects by execution as provided in this Title."); S.C. Code Ann. § 15-39-80 (setting forth the requirements for the contents of the execution, including that it be directed to the sheriff and intelligibly refer to the judgment, stating the court, the county in which the judgment roll or transcript is filed, and the amount of the judgment). If a judgment is unsatisfied, the judgment creditor may institute supplementary proceedings to discover assets. S.C. Code Ann. § 15-39-310. In addition to their discovery functions, supplementary proceedings "furnish a means of reaching, in aid of the judgment, property beyond the reach of an ordinary execution, such as choses in action." *Lynn v. International Brotherhood of Firemen & Oilers*, 228 S.C. 357, 362, 90 S.E. (2d) 204, 206 (1955).

Here, A & J sought to satisfy its judgment by obtaining funds in an SMI bank account. The relationship between a general depositor and his bank is that of credi-

tor and debtor, and money deposited, unless put into a special account or specifically designated to be kept separate, becomes the property of the bank and goes into its general account. *Owens v. Andrews Bank & Trust Co.*, 265 S.C. 490, 220 S.E. (2d) 116 (1975). The funds on deposit thus are no longer the personal property of the depositor; instead, the depositor has a chose in action against the bank for recovery of the deposit. *McManus v. Bank of Greenwood*, 171 S.C. 84, 171 S.E. 473 (1933); *see also* 30 Am. Jur. (2d) *Executions & Enforcement of Judgments* § 651 (1994) (customary deposits in a bank create debts owed by the bank to the depositor and may be reached through supplementary proceedings). Therefore, the money in the Southern National account could not be reached through execution and levy, but only through supplemental proceedings. *McManus*, 171 S.C. at 88, 171 S.E. at 474.

After the issuing or return of an execution against the property of a judgment debtor, the judgment creditor may file an affidavit with the court stating that a third party has property of the judgment debtor or that a third party is indebted to the judgment debtor. S.C. Code Ann. § 15-39-350. The court then may order the third party to appear and answer questions concerning the property or indebtedness, and may require notice of the proceedings be given to any additional party it deems necessary. *Id.* After conducting supplementary proceedings, the trial court may order non-exempt property of the judgment debtor in the hands of a third party or owed to the judgment debtor to be applied toward satisfaction of the judgment. S.C. Code Ann. § 15-39-410; *Lynn*, 228 S.C. at 362, 90 S.E. (2d) at 206 (chose in action belonging to judgment creditor may be reached through supplementary proceedings); *McManus*, 171 S.C. at 88, 171 S.E. at 474 (judgment creditor may reach bank account of judgment debtor through supplementary proceedings); *Deer Island Lumber Co. v. Virginia-Carolina Chem. Co.*, 111 S.C. 299, 97 S.E. 833 (1919) (judgment creditor may reach funds in the hands of a third party through supplementary proceedings).

In this case, A & J's affidavit was prima facie evidence that Southern National was indebted to SMI in the amount of the deposit. However, the funds on deposit could be reached only after supplementary proceedings were held to examine Southern National with regard to the account. Because the trial

court ordered the funds to be turned over to A & J without holding supplementary proceedings, the February 9th order is hereby reversed.[1]

Reversed.

GOOLSBY and HEARN, JJ., concur.

---

[1] However, while SMI appears to argue otherwise, supplementary proceedings are not required in every case before a judgment can be enforced. Personal property of the judgment debtor in the hands of the judgment debtor may be levied upon without first conducting supplementary proceedings.