THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 David A.
 Babb,        Appellant,
 
 
 

v.

 
 
 
 Bettie Ann Scott, Pam LaHay-Orr,
 Linda Cancel, Laurens County
 Arts Council, and Todd
 Alexander,        Defendants,
 Of Whom Bettie Ann Scott
 is        Respondent.
 
 
 

Appeal From Laurens County
James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion
No.   2005-UP-424
Submitted June 1, 2005  Filed June 29, 2005

AFFIRMED

 
 
 
 David A. Babb, of Laurens,
 for Appellant.
 James E. Bryan, Jr, of
 Laurens, for Respondent.
 
 
 

PER CURIAM: David Babb
appeals an order permanently restraining him from signing and issuing subpoenas
himself and temporarily restraining him from having the clerk issue subpoenas on
his behalf and from contacting Bettie Ann Scott and her employer.  We
affirm.[1]
Babb, representing himself, brought
this action against his former paramour, Scott, and others.  In his
voluminous complaint, Babb alleged that during their relationship he rendered a
nude painting of Scott, which she took after their relationship ended.  He
also alleged Scott, who is an elementary school art teacher, made comments to
others in the arts community about Babb that damaged his reputation and that she
spread a sexually transmitted disease to him.  In the process of pursuing
the suit, Babb personally signed and issued subpoenas to Scotts employer,
banker, and doctor seeking documents. 
Scott alleged these subpoenas were
unduly burdensome and meant solely to harass, embarrass, and humiliate
her.  She asked the court to quash the subpoenas.  Additionally, in
her answer to the complaint, she asked for a restraining order to prevent Babb
from coming about, contacting, or harassing her.  She filed a petition
seeking a restraining order restraining Babb from coming about and harassing her
and from indirectly harassing her by sending out invalid subpoenas and
requesting irrelevant material from persons and from sending printed material
concerning her to her employer and to other people she is connected with in an
attempt to humiliate and embarrass her. 
After a hearing, the trial court
issued an order temporarily and permanently restraining Babb from issuing and
signing subpoenas on his own behalf, pursuant to Rule 45, SCRCP.  The court
ordered Babb was temporarily restrained from having the clerk issue subpoenas on
his behalf until his deposition is taken.  It also restrained Babb from
harassing, coming near Scott, or contacting her employer until the deposition is
taken.  Babb appeals. 
LAW AND DISCUSSION
1.    
Appealability
We first question whether the trial
courts order is immediately appealable.  A grant of an injunction is
immediately appealable.  See S.C. Code Ann. § 14-3-330(4) (Supp.
2004).  However, discovery orders are interlocutory and not immediately
appealable.  Flagstar Corp. v. Royal Surplus Lines,
341 S.C. 68, 73, 533 S.E.2d 331, 334 (2000) (stating discovery orders are not
directly appealable); Lowndes Products, Inc. v. Brower, 262 S.C. 431,
433, 205 S.E.2d 184, 185 (1974) ([O]rdinarily, an order denying or compelling
discovery is not directly appealable).  The trial court permanently
restrained Babb from issuing and signing subpoenas on his own behalf and
temporarily restrained him from having the clerk issue subpoenas for him until
his deposition was taken.  Additionally, the court restrained [Babb]
from harassing and coming about Defendant, Bettie Anne (sic) Scott and from
contacting her employer, pending [the] taking of his deposition.  As the
trial court couched its order in terms of granting injunctive relief, we will
treat the appeal as one from an order granting an injunction.  Thus, we
find the trial courts order is immediately appealable. 
2.     Notice
Babb asserts the trial court erred
in holding a hearing for injunctive relief because he was not provided adequate
notice of the hearing.  We disagree.
At the hearing, Babb objected
stating:  I need a continuance for preparing the documents to hand over
to the court.  I never received notice from the clerk of courts
office.  I only received notice from him about four days ago---.
The court responded:  As
long as you get notice, you were served with that notice, thats all the law
requires. 
The court did not address the issue
of notice in its order and Babb failed to file a Rule 59, SCRCP, motion seeking
a ruling on this issue.  Accordingly, it is not preserved.  Summer
v. Carpenter, 328 S.C. 36, 43, 492 S.E.2d 55, 58 (1997) (stating that where
trial judge did not rule on issue at trial and party did not make a Rule 59,
SCRCP, motion for a ruling, issue is not preserved for appellate review).
Even if we were to consider the
courts remarks on the record as a ruling, we find the issue of the timeliness
of the notice is not preserved as the court only addressed the issue of the
notice coming from Scotts counsel rather than the clerks office.  See
Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It
is axiomatic that an issue cannot be raised for the first time on appeal, but
must have been raised to and ruled upon by the trial judge to be preserved for
appellate review.).
We find no merit to Babbs
contention that the notice of the hearing was inadequate because it was provided
to him by Scotts counsel rather than the clerks office.  Rule 65 (a),
SCRCP, only provides an adverse party must be given notice before the court may
issue a temporary injunction.  The rule does not specify that the notice
must come directly from the clerks office.  Here, Scott filed her motion
for an injunction and notice of hearing on the motion with the clerk of courts
office and served the documents on Babb.  We find no error in the trial
courts determination that this method provided Babb with adequate notice of
the hearing. 
3.    
Injunction
Babb argues the trial court erred in
granting Scott injunctive relief and in suspending his subpoenas.  We
disagree. 
The granting of an injunction is
discretionary and the appellate court will not disturb the conclusions of the
trial court unless there has been an abuse of discretion showing the order is
clearly erroneous.  Gilley v. Gilley, 327 S.C. 8, 12, 488 S.E.2d
310, 312 (1997).  Similarly, [t]he rulings of a trial judge in matters
involving discovery will not be disturbed on appeal absent a clear showing of an
abuse of discretion.  Bayle v. South
Carolina Dept of Transp., 344 S.C. 115, 128-29, 542 S.E.2d 736, 742-43
(Ct.App.2001).  An abuse of discretion occurs when the trial judges
ruling is based upon an error of law or, when based on factual conclusions, is
without evidentiary support.  An abuse of discretion occurs when the trial
judges ruling is based upon an error of law or, when based on factual
conclusions, is without evidentiary support.  Id.
It is uncontested that Babb issued
subpoenas signed by him, rather than having them signed and issued by the Clerk
of Court and thus was in violation of Rule 45, SCRCP.[2]  Thus, we find no error in the trial court
ordering that he be temporarily and permanently restrained from issuing and
signing subpoenas on his own behalf. 
We also find no abuse of discretion
in the trial courts order restraining Babb from having the clerk issue
further subpoenas on his behalf, harassing Scott, and contacting her employer
until after his deposition is taken. 
As the trial court found:

 It is  . . . evident that
 [Babb] had contact with [Scotts] employer, which could affect her job.
 The parties acknowledge that there
 is scheduled for July 15, 2004, a deposition of [Babb] after which time the
 issues can hopefully be narrowed and more clearly stated.
 This Court finds that the
 voluminous Complaint in this matter makes it difficult to determine what the
 issues are.  Further, [Babb] informed the Court at the motion hearing
 that he was filing and Amended Complaint, although there is no order
 permitting said amendment. 

The trial court did not permanently
prohibit Babb from having the clerk issue subpoenas on his behalf in this
litigation.  Rather, the court merely restrained him doing so until after
his deposition in an attempt to have Babbs claims clarified so that the court
could better determine whether the information Babb sought, which was of a
highly personal nature, was relevant to his claims and thus properly
discoverable.  We find no abuse of discretion in this action. 
Babb argues the trial court erred in
granting the temporary injunction because an adequate remedy of law
exists.  He also contends the trial court erred in granting the temporary
injunction without requesting the undertaking of a bond.  The trial court
addressed neither of these issues in its order and Babb failed to file a Rule
59, SCRCP motion requesting the court rule on them.  Accordingly, we find
these issues are not preserved for our review.  See Summer v.
Carpenter, 328 S.C. 36, 43, 492 S.E.2d 55, 58 (1997) (stating that where
trial judge did not rule on issue at trial and party did not make a Rule 59,
SCRCP, motion for a ruling, issue is not preserved for appellate review).
CONCLUSION
For the reasons discussed above, the
trial courts order is
AFFIRMED.
GOOLSBY, HUFF, and KITTREDGE, JJ.,
concur. 

[1] We decide this case without oral argument pursuant to Rule 215,
SCACR.
[2] Rule 45, SCRCP provides subpoenas shall be signed and issued by
the clerk of court or by an attorney as an officer of the court.