[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 9 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 10 
BB T of South Carolina (Appellant) appeals a lower court order quashing a subpoena duces tecum, which Appellant issued to a nonparty prior to commencing any procedure to enforce a judgment. We certified the case for review from the Court of Appeals, pursuant to Rule 204(b), SCACR. We dismiss the appeal because the lower court order is not immediately appealable.[1]
 FACTUAL/PROCEDURAL BACKGROUND
On January 14, 2003, Appellant filed a summons and complaint in the Lexington County Court of Common Pleas seeking a judgment against Kim A. Pender for debt collection. On March 14, 2003, a default judgment was entered in favor of Appellant against Pender.
In April 2003, the Law Offices of Paul J. Kamber represented a Kim A. Pender in a real estate closing. In preparation for the closing, Kamber's office sought to determine whether Kamber represented the same Kim A. Pender who was subject to Appellant's default judgment. On April 14, 2003, Missy Wilson (Respondent), Kamber's legal assistant, faxed an inquiry to Appellant requesting identification data on the Pender subject to Appellant's judgment. On the same day, Appellant replied to the request and asked Kamber for identification data of his client. Kamber's office did not reply. On April 26, 2003, Appellant again requested the identification data on Kamber's client, but Kamber's office did not reply. *Page 11 
On May 12, 2003, Appellant served Respondent or the records custodian of Kamber's office with a subpoena duces tecum requesting "your entire Kim Pender file." On or about May 19, 2003, Respondent served a motion to quash the subpoena duces tecum on the grounds the documents in the file were protected by the attorney-client privilege and there was no pending action between Appellant and Pender. Appellant filed a return to Respondent's motion on July 15, 2003.
At a hearing on Respondent's motion, Appellant admitted it had not attempted enforcement of the judgment against Pender by issuance of a writ of execution or through supplemental proceedings. Appellant argued post-judgment discovery before enforcement of the judgment is proper under Rule 69, SCRCP.
By Order filed July 17, 2003, the circuit court granted Respondent's motion to quash, concluding Rule 69, SCRCP, did not permit discovery after judgment except in supplementary proceedings or in aid of execution. Further, the requested documents were subject to attorney-client privilege, which had not been waived.
 ISSUES I. Is an order quashing a subpoena duces tecum, which was issued to a nonparty prior to the commencement of enforcement of a judgment, immediately appealable?
 II. Did the lower court err in granting Respondent's motion to quash on the ground that the discovery was improper under Rule 69, SCRCP?
 LAW/ANALYSIS I. Appealability
Appellant argues the lower court order quashing the subpoena duces tecum is immediately appealable. We disagree.
The novel issue presented in this case is whether an order quashing a subpoena duces tecum, issued to a nonparty prior to the commencement of enforcement of a judgment, is immediately appealable. South Carolina Code Ann. § 14-3-330 *Page 12 
(1976 Supp. 2004) addresses appellate jurisdiction.[2]
Section 14-3-330 provides:
 The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:
 (1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; provided, that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;
 (2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;
 (3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and
 (4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.
As a general rule, only final judgments are appealable.Culbertson v. Clemens, 322 S.C. 20, 23, 471 S.E.2d 163, 164
(1996). Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final. Mid-State Distribs.,Inc. v. Century Importers, Inc., 310 S.C. 330, 336,426 S.E.2d 777, 780 (1993). See also Good v. Hartford Accident Indemn.Co., 201 S.C. 32, 21 S.E.2d 209 (1942) ("a final judgment is one which operates to divest some right in such a *Page 13 
manner as to put it beyond the power of the Court making the order to place the parties in their original condition after the expiration of the term. . . .").
We have previously held an order denying or compelling pretrial discovery is not directly appealable since it is an intermediate or interlocutory decision. Lowndes Products, Inc. v. Brower,262 S.C. 431, 205 S.E.2d 184 (1974); Patterson v. SpecterBroadcasting Corp., 287 S.C. 249, 335 S.E.2d 803 (1985). Also, we have held an order directing a nonparty to submit to discovery is not immediately appealable. Ex parte Whetstone,289 S.C. 580, 347 S.E.2d 881 (1986).
Similarly, an order quashing a subpoena duces tecum issued to a nonparty prior to commencement of enforcement of a judgment, is interlocutory and not immediately appealable. This discovery order is not a final order because it leaves some further act to be done by the court before the rights of the parties in an enforcement proceeding are determined.[3]
Absent some specialized statute, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within § 14-3-330. Baldwin Const. Co., Inc. v.Graham, 357 S.C. 227, 593 S.E.2d 146 (2004). Intermediate orders involving the merits may be immediately appealed pursuant to §14-3-330(1). An order which involves the merits is one that "must finally determine some substantial matter forming the whole or a part of some cause of action or defense." Mid-State Distribs.,Inc., 310 S.C. at 334, 426 S.E.2d at 780. Interlocutory orders affecting a substantial right may be immediately appealed pursuant to § 14-3-330(2). Orders affecting a substantial right "discontinue an action, prevent an appeal, grant or refuse a new trial, or strike out an action or defense." Id. at 335 n. 4,426 S.E.2d at 780 n. 4. We conclude the order quashing the subpoena duces tecum neither *Page 14 
involves the merits nor affects a substantial right, and the order is, therefore, not immediately appealable.
Appellant argues the order granted an injunction and is, therefore, immediately appealable pursuant to § 14-3-330(4). Further, Appellant argues this Court can consider the order because there is an otherwise appealable issue before the Court.Ferguson v. Charleston Lincoln Mercury, Inc., 349 S.C. 558,564 S.E.2d 94 (2002) (an order that is not directly appealable will nonetheless be considered if there is an appealable issue before the court and a ruling on appeal will avoid unnecessary litigation). Appellant's arguments are without merit.
 II. Discovery under Rule 69, SCRCP
Although, we dismiss the order as not immediately appealable, we address this novel issue in the interest of judicial economy. Appellant argues post-judgment discovery may be properly conducted under Rule 69, SCRCP, without the issuance of a writ of execution or the commencement of supplementary proceedings. We disagree.
Rule 69 is entitled "Execution" and provides:
 Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be as provided by law. In the aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for obtaining discovery.[4] *Page 15 
The Notes to Rule 69, SCRCP, state: "This Rule 69 is substantially the Federal Rule, omitting references to Federal Statutes. It preserves by reference present State practice under S.C. Code Sections 15-39-10 through 15-39-150, and brings to the assistance of the judgment creditor the right to obtain discovery under Rules 26 through 37."[5]
In interpreting the meaning of the South Carolina Rules of Civil Procedure, the Court applies the same rules of construction used to interpret statutes. Maxwell v. Genez, 356 S.C. 617,591 S.E.2d 26 (2003); Green v. Lewis Truck Lines, Inc.,314 S.C. 303, 443 S.E.2d 906 (1994). If a rule's language is plain, unambiguous, and conveys a clear meaning, interpretation is unnecessary and the stated meaning should be enforced. SeeMaxwell, 356 S.C. at 617, 591 S.E.2d at 26; Knotts v. S.C.Dep't of Natural Resources, 348 S.C. 1, 10, 558 S.E.2d 511, 516
(2002). Courts should consider not only the particular clause in which a word may be used, but the word and its meaning in conjunction with the purpose of the whole rule and the policy of the rule. S.C. Coastal Council v. S.C. State Ethics Comm'n,306 S.C. 41, 44, 410 S.E.2d 245, 247 (1991) (applying this rule of construction to a statutory provision). In construing a rule, language in the rule must be read in a sense which harmonizes with its subject matter and accords with its general purpose.Mun. Ass'n of S.C. v. AT T Communications of Southern States,Inc., 361 S.C. 576, 606 S.E.2d 468 (2004) (applying this rule of construction to a statutory provision). The Rules of Civil Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 1, SCRCP.
When the phrase "[i]n the aid of the judgment or execution" in the last sentence of Rule 69 is construed in conjunction with the purpose of the rule — execution of a judgment either by a *Page 16 
writ of execution or by supplemental proceedings — and the policy of the rule, the phrase must relate back to the two previous sentences. The phrase in question can be harmonized with the subject matter of the rule — Execution — by reading Rule 69 to require the issuance of a writ of execution or initiation of supplementary proceedings before post-judgment discovery is conducted. See Anchor Gas, Inc. v. Border Black Top, Inc.,381 N.W.2d 96, 97-98 (Minn.Ct.App. 1986) (post-judgment discovery under Rule 69, Minn. RCP, may be conducted after issuance of writ of execution but prior to the writ being returned as unsatisfied).
 CONCLUSION
We dismiss the appeal because the order quashing the subpoena duces tecum is not immediately appealable. Further, in clarifying the procedure for discovery under Rule 69, SCRCP, we conclude the rule requires a writ of execution be issued or supplementary proceedings initiated before discovery may be commenced.
TOAL, C.J., WALLER, PLEICONES, JJ., and Acting Justice STEPHEN S. BARTLETT, concur.
[1] We have modified the case caption to accurately reflect the status of the parties on appeal.
[2] Section 14-3-330 also applies to equity cases. SeeCharleston County Dep't Soc. Servs. v. Father, Stepmother, andMother, 317 S.C. 283, 287, 454 S.E.2d 307, 309 (1995). Supplementary proceedings are equitable in nature. Ex ParteRoddey, 171 S.C. 489, 172 S.E. 866 (1934).
[3] See Central States, Southeast and Southwest Areas PensionFund v. Express Freight Lines, Inc., 971 F.2d 5, 6 (1992) (citations omitted):
 The judgment entered pursuant to Fed.R.Civ.P. 58 ends the proceeding to determine liability and relief, but it begins the collection proceeding if the defendant refuses to pay. A contested collection proceeding will end in a judgment or a series of judgments granting supplementary relief to the plaintiff. The judgment that concludes the collection proceeding is the judgment from which the defendant can appeal.
[4] See generally Johnson v. Serv. Mgmt., Inc., 319 S.C. 165,166, 459 S.E.2d 900, 902 (Ct.App. 1995), affirmed in part,324 S.C. 198, 478 S.E.2d 63 (1996):
 Judgments generally are enforced by writs of execution issued to the sheriff. See S.C. Code Ann. § 15-35-180 (1976) (providing that judgments requiring the payment of money or the delivery of real or personal property "may be enforced in those respects by execution as provided in this Title."); S.C. Code Ann. § 15-39-80 (setting forth the requirements for the contents of the execution, including that it be directed to the sheriff and intelligibly refer to the judgment, stating the court, the county in which the judgment roll or transcript is filed, and the amount of the judgment). If a judgment is unsatisfied, the judgment creditor may institute supplementary proceedings to discover assets. S.C. Code Ann. § 15-39-310. Supplementary proceedings also "furnish a means of reaching, in aid of the judgment, property beyond the reach of an ordinary execution, such as choses in action." Lynn v. International Brotherhood of Firemen Oilers, 228 S.C. 357, 362, 90 S.E.2d 204, 206 (1955).
[5] Rule 34, SCRCP, incorporates by reference Rule 45, SCRCP.