THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Entec Polymers,
 LLC, Appellant,
 v.
 Stabl Corp.
 Inc. a/k/a Stabl Corporation, Respondent.
 
 
 

Appeal From Anderson County
 Ellis B. Drew, Jr., Master in Equity

Unpublished Opinion No. 2008-UP-306
 Submitted May 1, 2008  Filed June 11,
2008

DISMISSED

 
 
 
 H. Jeff McLeod,
 of Anderson; for Appellant.
 Carroll H. Roe,
 Jr., of Greenville; for Respondent.
 
 
 

PER CURIAM: 
 Entec Polymers, LLC (Entec) appeals from the trial courts discovery order
 granting Stabl Corp., Inc.s (Stabl) motion to quash subpoenas.  We dismiss the
 appeal.[1]
FACTS
This is a post-judgment collection
 action.  Entec filed an action against Stabl and won a judgment on May 2, 2006
 for $96,087.71. (R.8)  Entec moved for a supplemental hearing and provided
 affidavits that Stabl has assets to satisfy the judgment. (App.br.2)  Seven
 Products Plus, Inc. is the successor to Stabl and Bruce McClure is the
 owner/contact person for both corporations. (R.123)  Entec learned just prior
 to the supplemental hearing that Stabl pledged its receivables to Peoples Bank
 for $1.8 million. (R.21, 47, 48)  Within a day or two of the supplemental
 hearing, Entec subpoenaed records from Peoples Bank and Seven Products. (R.30,
 Resp.br.3)  
Stabl
 moved to quash the subpoenas. (R.30-32)  After a hearing, the court granted the
 motion, stating in part:  The testimony of Mr. McClure and the records
 furnished at the hearing are devoid of any direct or circumstantial evidence
 that establishes Seven Products was responsible whatsoever for any of the open
 account invoices upon which [Entec] obtained judgment against Stabl or that [Stabl]
 has engaged in any fraudulent transfer of assets. (R.3)  Entec appeals. 
LAW/ANALYSIS
Initially,
 Stabl argues the order on appeal is an interlocutory order, not immediately
 appealable.  Entec argues the order makes a final determination of the merits
 of the case, thus making the order appealable under South Carolina Code section
 14-3-330.  See S.C. Code Ann. § 14-3-330 (1977 & Supp. 2007) (restricting
 appellate review of interlocutory orders).  We find the order does not make
 findings on the merits.  Furthermore, Stabl concedes in its brief that Entec is
 not prejudiced by the order beyond the small discovery limitations imposed by
 the trial court. (Resp.br.10)  We conclude the order is not immediately
 appealable.  See Ex parte Wilson, 367 S.C. 7, 625 S.E.2d 205
 (2005) (finding an order granting a motion to quash a subpoena duces tecum,
 issued to a nonparty, is not immediately appealable).  
Accordingly, the
 order on appeal is
DISMISSED.
 HEARN, C.J.,
SHORT and KONDUROS, JJ., concur.

[1] We decide this case without oral
argument pursuant to Rule 215, SCACR.