THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Leon Chisolm,
 James Roosevelt Chisolm, Doris G. Fladger, Robert Chisolm, Florence Chisolm,
 Alice C. Jenkins, Sadie Y. McDonald, Martha Pryor, Patricia Millian, Margaret
 E. Warren, Andrew K. Chisolm, Edrina L. Wilson, Carl Chisolm, Lawrence
 Chisolm, Roosevelt Chisolm, II, Louis Chisolm, Eddie Chisolm, Leroy Chisolm,
 and Tommy Chisolm; Plaintiffs,
 
 
 Of Whom Leon
 Chisolm, James Roosevelt Chisolm, Robert Chisolm, Florence Chisolm, Alice C.
 Jenkins, Sadie Y. McDonald, Martha Pryor, Patricia Millian, Margaret E.
 Warren, Andrew K. Chisolm, Edrina L. Wilson, Carl Chisolm, Lawrence Chisolm,
 Roosevelt Chisolm, II, Louis Chisolm, Eddie Chisolm, Leroy Chisolm, and Tommy
 Chisolm are Appellants,
 
 
 
 
 

v.

 
 
 
 
 Mary Frances S.
 Chisolm, William Chisolm, Emily C. Campbell, Debra C. Murphy, Allie C.
 Frazier, Cora C. Brown, Cordell Chisolm, Charles Chisolm, Jr., Phillip
 Chisolm, Anthony Chisolm, David Chisolm, Leonard Chisolm, and Levy Chisolm, Respondents.
 
 
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2011-UP-011
 Submitted January 1, 2011  Filed January
24, 2011

DISMISSED AND REMANDED

 
 
 
 Barry I. Baker and Harold Alan Oberman, both
 of Charleston, for Appellants.
 Willie Bruce Heyward, of N. Charleston,
 for Respondents.
 
 
 

PER CURIAM:  Leon Chisolm et al. (Appellants) appeal the order of
 the master-in-equity denying Appellants' request to issue a deed to a parcel of
 property in accordance with an order from 1982.  On appeal, Appellants argue:
 (1) the failure of the master-in-equity to issue a deed pursuant to the 1982
 order is a clerical mistake pursuant to Rule 60(a), SCRCP, correctable at any
 time by the court and (2) the master-in-equity erred in dismissing Appellants'
 case before hearing the motion to set aside the entry of default made by Mary Frances S. Chisolm et al. (Respondents).  
We decline to
 reach the merits of this appeal and find this matter to be premature.  Due to
 the unusual posture of this case and the fact that the record does not indicate
 that a ruling has been made on Respondents' motion to set aside the entry of
 default, we dismiss[1] this appeal as interlocutory. See S.C.
 Code Ann. § 14-3-330(1) (1977) (stating "no appeal [may] be taken until
 final judgment is entered"); Ex parte Wilson, 367 S.C. 7, 12,
 625 S.E.2d 205, 208 (2005) ("As a general rule, only final judgments
 are appealable . . . .  Any judgment or decree, leaving some further act to be
 done by the court before the rights of the parties are determined, is interlocutory and not final.") (internal citation omitted).  In the current posture of
 this case, while Appellants did not prevail on the merits of their motions, default
 has nonetheless been entered in their favor, which is inconsistent with the
 denial of relief in their motions.  Accordingly, we cannot address the merits
 raised on the summary denial of a Rule 59(e) motion.
We therefore dismiss the
 appeal and remand the case to the master-in-equity to rule on Respondents'
 motion to set aside the entry of default[2] and to conduct such other proceedings as may be necessary to enter final
 judgment. 
THOMAS, PIEPER,
 and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] We note Appellants
 specifically asked the master-in-equity to address the issue of the pending
 motion to set aside the entry of default but the master-in-equity failed to
 act.