**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Ruth Ines Barnhouse, Respondent,

v.

Dan Dale Barnhouse, Appellant.

Appellate Case No. 2015-002565

———————

Appeal from Chester County
W. Thomas Sprott, Jr., Family Court Judge

———————

Memorandum Opinion No. 2018-MO-010
Submitted December 15, 2016 – Filed February 28, 2018

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Robert N. Rosen, of Rosen Law Firm, LLC, of Charleston and Alexandra D. Varner, of Alexandra D. Varner, PA, of Mount Pleasant, for Appellant.

James T. McLaren, Charles D. Lee, III and Joshua M. Calder, all of McLaren & Lee, of Columbia, for Respondent.

———————

**PER CURIAM:** Ruth Barnhouse ("Mother") brought this action against Dan Barnhouse ("Father") seeking enforcement of certain provisions in the parties' financial agreement and a modification of Father's custody and visitation. Father filed an answer and counterclaim wherein he sought, *inter alia*, a modification of custody and the removal of the parent coordinator. The parties subsequently filed numerous motions concerning attorney's fees, discovery, and removal of the parent coordinator. After a hearing, the family court issued an order addressing those motions, which Father appealed to the Court of Appeals. We certified the appeal pursuant to Rule 204(b), SCACR. We now affirm in part, reverse in part, and remand.

## I. Factual and Procedural History

Mother and Father were married in 1998 and divorced in 2011. Three years after their divorce, Mother filed this action, claiming Father is in arrears of $114,245.26 under the terms of the parties' court-approved financial agreement. Mother further claimed Father failed to comply with numerous provisions in the parties' court-approved parenting agreement. As a result of Father's noncompliance with the parenting agreement, Mother requested the family court grant her sole custody of the children and order Father's visitation with the children be immediately suspended or that he be afforded limited, supervised visitation.

Father filed an answer and counterclaim, alleging Mother also violated various provisions of the parenting agreement, and seeking, *inter alia*, sole legal and physical custody of the children and the removal of the parties' parent coordinator. In response, Mother moved to strike various allegations in Father's answer and counterclaim on numerous grounds, including that certain allegations predate the divorce. Mother also objected to many of Father's discovery requests as well as to the removal of the parent coordinator.

The family court issued an order, wherein it: (1) addressed the discovery issues; (2) struck allegations in Father's answer and counterclaim; (3) denied Father's motion to remove the parent coordinator; and (4) awarded Mother attorney's fees and costs in the amount of $191,196.55. Father appealed the order to the Court of Appeals. Additionally, Father filed a petition with the Court of Appeals for an emergency stay in the enforcement of Mother's award of *pendente lite* attorney's fees until the resolution of the appeal. Mother filed a return, arguing the court lacked the authority to stay the award of attorney's fees pursuant to section 63-3-530(A)(38) of

the South Carolina Code.[1]  After the Court of Appeals granted Father's petition to stay, Mother petitioned this Court for a writ of mandamus and/or prohibition to review the Court of Appeals' decision.

We denied Mother's petition, certified the appeal pursuant to Rule 204(b), SCACR, vacated the Court of Appeals' order granting Father's emergency petition for a stay, and reinstated the family court's award of *pendente lite* attorney's fees and suit costs.  The issues remaining for our consideration are primarily interlocutory discovery issues; however, Father also challenges the striking of certain allegations from his answer and counterclaim.

## II.  Standard of Review

"In appeals from the family court, the appellate court reviews factual and legal issues de novo."  *Doe v. S.C. Dep't of Soc. Servs.*, 407 S.C. 623, 632, 757 S.E.2d 712, 716 (2014).  This Court has appellate jurisdiction over orders affecting a substantial right that strike out a portion of a pleading.  S.C. Code Ann. § 14-3-330(2) (2017); *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 705 S.E.2d 475 (Ct. App. 2011).

## III.  Discussion

Father challenges the family court's decision to grant Mother's motion to strike paragraphs 27, 45, 46, 53, 69, 70, 71, 72, 73, and 90 from Father's answer and counterclaim on the ground that the facts used to provide the foundation for the allegations predate the divorce and, therefore, are inadmissible.  The allegations

---

[1]  This section provides:

> The family court has exclusive jurisdiction . . . to hear and determine an action where either party in his or her complaint, answer, counterclaim, or motion for pendente lite relief prays for the allowance of suit money pendente lite and permanently. In this action the court shall allow a reasonable sum for the claim if it appears well-founded. Suit money, including attorney's fees, may be assessed for or against a party to an action brought in or subject to the jurisdiction of the family court. An award of temporary attorney's fees or suit costs must not be stayed by an appeal of the award.

S.C. Code Ann. § 63-3-530(A)(38) (2010).

struck on this basis primarily concerned medical decisions Mother made regarding the health of the children and Mother's decision to use the "wrong last name" on some of the children's birth certificates. Father does not dispute that some of these allegations predate the divorce. Rather, Father posits these allegations are nevertheless admissible in order to show a pattern of Mother's conduct. We agree with the trial judge that at best these allegations concern Mother's conduct prior to the divorce and custody agreement and are irrelevant to the issues before the court. Accordingly, we affirm the family court's decision to strike the allegations to the extent they concern claims based on facts that predate the divorce.

We reverse the family court's decision to strike the allegations in paragraphs 20, 22, 24, 25, 26, 27, 28, 29, 56, 57, 58, 59, 60, 62, 63, 64, 65, and 66 of the answer and counterclaim. The family court struck these allegations on the basis that Father failed to provide a clear and concise statement of the date, time, place, and general circumstances of the acts alleged. However, the Rules of Civil Procedure do not require a party to plead allegations to such degree of specificity. *See* Rule 8(a), SCRCP ("A pleading which sets forth a cause of action, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . a short and plain statement of the facts showing that the pleader is entitled to relief.").

Additionally, we reverse the family court's striking of paragraphs 48 and 68(g) from Father's answer and counterclaim on the ground the allegations were based on illegally obtained information. The family court struck these allegations on the belief that the information was acquired in violation of the Stored Communications Act and/or the Federal Wiretap Act. However, as Father points out, the family court failed to explain how his acquisition of the information violated either act. As a result, we remand this issue to the family court for further development of the record.

We do not address the remaining issues on appeal on the ground that they are interlocutory. *See* S.C. Code Ann. § 14-3-330 (2017) (setting forth the types of orders that are immediately appealable); *Brown v. Cnty. of Berkeley*, 366 S.C. 354, 361, 622 S.E.2d 533, 537 (2005) ("It is well settled that an interlocutory order is not immediately appealable unless it involves the merits of the case or affects a substantial right."); *Hagood v. Sommerville*, 362 S.C. 191, 195, 607 S.E.2d 707, 709 (2005) ("An order which does not finally end a case or prevent a final judgment from which a party may seek appellate review usually is considered an interlocutory order from which no immediate appeal is allowed."); *Lowndes Prods., Inc. v. Brower*, 262 S.C. 431, 433, 205 S.E.2d 184, 185-86 (1974) (recognizing that generally an order denying pretrial discovery is not directly appealable because it is an intermediate or interlocutory decision).

## IV. Conclusion

For the foregoing reasons, we affirm in part, reverse in part, and remand to the family court.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW, JJ., and Acting Justice Costa M. Pleicones, concur.**