**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte Anthony L. Mathis, Appellant,

Invacare Corporation, Inc. and all of its subsidiaries, assignors, and assignees, Respondent,

v.

MD Medical, LLC and Gary Day, Defendants.

Appellate Case No. 2016-000916

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

Unpublished Opinion No. 2018-UP-173
Submitted March 1, 2018 – Filed May 2, 2018

**AFFIRMED**

Carlos C. Johnson, of Lyles, Darr & Clark, LLC, of Spartanburg, for Appellant.

Bonum Sams Wilson, III, and Brandon Todd Reeser, both of Wilson & Heyward, LLC, of Charleston, for Respondent.

**PER CURIAM:** Anthony L. Mathis appeals the master-in-equity's order setting aside a transfer of funds between MD Medical, LLC (MD Medical) and Mathis because the conveyance violated the Statute of Elizabeth. On appeal, Mathis argues (1) the master-in-equity erred in finding the contract between Mathis and John Petrich was fraudulent in nature and (2) the master-in-equity exceeded its authority by entering a judgment against Mathis and ordering Petrich to redirect payments on the asset sale contract to Invacare Corporation, Inc. (Invacare). We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the master-in-equity erred in finding the Statute of Elizabeth rendered the transfer of funds between MD Medical and Mathis null and void: *Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989) ("Our scope of review for a case heard by a [m]aster-in-[e]quity who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury."); *Oskin v. Johnson*, 400 S.C. 390, 396-97, 735 S.E.2d 459, 463 (2012) ("A clear and convincing evidentiary standard governs fraudulent conveyance claims brought under the Statute of Elizabeth."); *id.* at 397, 735 S.E.2d at 463 ("An action to set aside a conveyance under the Statute of Elizabeth is an equitable action, and a de novo standard of review applies."); *id.* ("However, an appellate court is not required to disregard the findings of fact by the [master-in-equity] nor ignore the fact that the [master-in-equity] is in the better position to assess the credibility of the witnesses."); S.C. Code Ann. § 27-23-10(A) (2007) ("Every gift, grant, alienation, bargain, transfer, and conveyance of lands, tenements, or hereditaments, goods and chattels or any of them, or of any lease, rent, commons, or other profit or charge out of the same, by writing or otherwise, and every bond, suit, judgment, and execution which may be had or made to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures must be deemed and taken . . . to be clearly and utterly void . . . ."); *Oskin*, 400 S.C. at 397, 735 S.E.2d at 463 ("In interpreting this statute, this [c]ourt has held conveyances shall be set aside under two conditions: First, where there was valuable consideration and the transfer is made by the grantor with the actual intent to defraud; and, second, where a transfer is made without actual intent to defraud but without valuable consideration."); *Albertson v. Robinson*, 371 S.C. 311, 317, 638 S.E.2d 81, 84 (Ct. App. 2006) ("Where a transfer is made without valuable consideration . . . , the transfer will be set aside only when the creditor establishes the following: (1) the grantor was indebted to the creditor at the time of the transfer; (2) the conveyance was voluntary; and (3) the grantor failed to retain sufficient property to pay his indebtedness to the creditor in full, not merely at the time of transfer, but in the final analysis when the creditor seeks to collect the debt."); *Future Grp., II v.*

*Nationsbank*, 324 S.C. 89, 98, 478 S.E.2d 45, 49 (1996) ("One who is in debt cannot make a conveyance without consideration that will prevail against existing debts.").

2. As to whether the master-in-equity exceeded its authority by entering a judgment against Mathis and ordering Petrich to redirect payments on the asset sale contract to Invacare: *Johnson v. Serv. Mgmt., Inc.*, 319 S.C. 165, 167, 459 S.E.2d 900, 902 (Ct. App. 1995), *aff'd,* 324 S.C. 198, 478 S.E.2d 63 (1996) ("If a judgment is unsatisfied, the judgment creditor may institute supplementary proceedings to discover assets."); *Ag-Chem Equip. Co. v. Daggerhart*, 281 S.C. 380, 383, 315 S.E.2d 379, 381 (Ct. App. 1984) ("Supplementary proceedings are equitable in nature."); *Lynn v. Int'l Bhd. of Firemen & Oilers*, 228 S.C. 357, 362, 90 S.E.2d 204, 206 (1955) ("Proceedings supplementary to execution . . . provid[e] for examination of the judgment debtor for the purpose of discovering property out of which the judgment against him may be satisfied . . . ."); S.C. Code Ann. § 15-39-410 (2005) (establishing a master-in-equity "may order any property of the judgment debtor, not exempt from execution, *in the hands either of himself or any other person or due to the judgment debtor*, to be applied toward the satisfaction of the judgment" (emphasis added)); *Johnson*, 319 S.C. at 168, 459 S.E.2d at 902 ("After conducting supplementary proceedings, the [master-in-equity] may order non-exempt property of the judgment debtor *in the hands of a third party* or owed to the judgment debtor to be applied toward satisfaction of the judgment." (emphasis added)).

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.