**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Joey Corvell Reid, Respondent.

Appellate Case No. 2021-001465

———————

Appeal From Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-311
Submitted September 13, 2023 – Filed September 20, 2023

———————

**APPEAL DISMISSED**

———————

Matthew C. Buchanan, of South Carolina Department of Probation, Parole, and Pardon Services, of Columbia, for Appellant.

Appellate Defender David Alexander, of Columbia, for Respondent.

———————

**PER CURIAM:** The State appeals an order of the circuit court that found Joey Corvell Reid's sentence was illegal, and thus, his probation should not be revoked. The order also vacated Reid's illegal sentence and ordered resentencing. On appeal, the State argues the circuit court erred because (1) one judge cannot vacate

a sentencing order issued by another circuit judge when there was no appeal taken from the original sentence and (2) Reid's sentence, which was not appealed, was law of the case even though not permitted by statute. We dismiss on the basis the order is not immediately appealable.

On January 27, 2014, Reid pled guilty pursuant to a negotiated plea to first-degree assault and battery and attempted murder. The plea court accepted the negotiated plea and sentenced Reid to ten years' imprisonment on the assault charge and twenty years' imprisonment, suspended to five years' probation, on the attempted murder charge. Reid served his active sentence and was released on probation in 2018. Subsequently, the South Carolina Department of Probation, Parole and Pardon Services issued a warrant for violation of the terms of probation. Following the probation violation hearing, the circuit court, in its order, found a conviction for attempted murder could not be suspended to probation, regardless of the fact that it was a negotiated plea, and determined that because the attempted murder sentence was illegal, Reid's probation should not be revoked. *See* S.C. Code Ann. § 16-3-29 ("A person who, with intent to kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense of attempted murder. . . . A sentence imposed pursuant to this section *may not be suspended* nor may probation be granted." (emphasis added)). The court, concluding that Reid's probationary sentence was "illusory and of no practical effect," then vacated Reid's attempted murder sentence and ordered resentencing. Because the order is not final until after Reid has been resentenced and no subsection of section 14-3-330 of the South Carolina Code (2017) is applicable, we dismiss the order as not immediately appealable. *See Ex parte Wilson*, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005) ("Absent some specialized statute, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within [section] 14-3-330.").

**APPEAL DISMISSED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.